## SUPREME COURT.

### WILLIAM H. WILLSON agt. JOSEPH C. HENDERSON.

The court will never allow a party to be prejudiced by its own *delay.*

The delay of the court in announcing its decision on a motion, will not be allowed to operate to the prejudice of the party in whose favor the decision is made.

The court having determined the question, must give effect to the decision as of the time when the motion was made.

Where a motion to change the venue was made by the defendant, and during the time the question was held under advisement, the plaintiff took an inquest on a regular call of the calendar, there being no stay of proceedings; *held,* that the plaintiff was *irregular.* The plaintiff took the risk of having his proceedings set aside if the motion was decided against him.

*Albany Special Term, March,* 1857.

MOTION to set aside judgment for irregularity. The plaintiff resides in Canada; the defendant in the city of Albany. The suit was commenced in November, 1856, and the venue was laid in St. Lawrence. Before the time for answering ex-

pired, the defendant demanded that the trial be had in the proper county. Subsequently, the defendant put in his answer, to which the plaintiff served a reply. The plaintiff then noticed the cause for trial at the St. Lawrence circuit, to be held on the 17th of February. The defendant served papers and gave notice of a motion to be made on the 29th of January, at a special term, to be held at Sandy Hill, to change the place of trial to the county of Albany. The motion was made on the day mentioned in the notice, but the decision was reserved. On the 24th of February the defendant's attorney received from Mr. Justice ROSEKRANS the papers upon the motion, with an order changing the place of trial from St. Lawrence to Albany. The order bears date the 29th of January, 1857. A copy of this order was sent by mail to the plaintiff's attorneys on the same day.

On the 19th of February, the cause having been reached on the circuit calendar, was moved for trial, and no one appearing for the defendant, the plaintiff took an inquest; and on the 26th of February, judgment was perfected. The defendant moved to set aside the inquest and all subsequent proceedings for irregularity.

S. G. COURTNEY, *for plaintiff.*
JOHN H. REYNOLDS, *for defendant.*

HARRIS, Justice. There being no stay of proceedings in the case, the plaintiff was at liberty to proceed with the trial, and to take his inquest, but he did so at the risk of having his proceedings set aside, if the motion to change the place of trial should be granted. It is a familiar rule that the court will never allow a party to be prejudiced by its own delay. Hence the practice of allowing a judgment to be entered *nunc pro tunc*, in case of the death of a party while the cause was *sub judice*. Had the motion to change the place of trial been denied, the inquest would have been regular. But the motion having been granted, the order took effect as of the time it was made. The delay of the court in announcing its decision

will not be allowed to operate to the prejudice of the party in whose favor the decision is made. It is now adjudged that on the 29th of January, when the motion was made, the defendant was entitled to have the venue in the action changed to Albany. The defendant had done all that was required of him. It was the fault of the court that the venue was not then changed. The decision was delayed because the court was not advised what should be done. This delay must not be charged to the account of the defendant. The court having determined the question, must give effect to the decision as of the time when the defendant became entitled to it. The venue was, therefore, in effect, changed from the time the motion was made. (*See Crawford* agt. *Wilson*, 4 *Barb.* 524, *and cases there cited.*) It follows that the proceedings at the St. Lawrence circuit, after the motion to change the venue was made, were irregular.

This motion must, therefore, be granted, with costs.