[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 636 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 637 
The first question to be considered is, whether the orders denying the motions to set aside the verdict are here for review. Clearly they are not. It is not material that they are not mentioned in the notice of appeal. If they were reviewable here under any circumstances, they would be so on the appeal from the judgment. They are not, however, intermediate orders involving the merits, and necessarily affecting the judgment, within subdivision two of the eleventh section of the code of procedure. They are not intermediate orders in any cause, but entirely outside of the judgment.
They were not summary applications after judgment within the third subdivision of the same section. That provision only relates to orders which recognize the original regularity and validity of the judgments, and one based on facts and circumstances occurring subsequently. But if that were not so, these were motions addressed to the discretion of the court below, and for that reason cannot be reviewed here.
Several exceptions were taken on the trial, by the plaintiff's counsel to evidence offered by the defendants to show that the plaintiff's land was a swamp, and unfit for cultivation, before the canal was constructed. The bearing of that evidence was very remote upon the issues before the court, but I think the decisions admitting it were correct. Its effect was a question for the jury.
The defendants offered in evidence a certified copy of a bond to the plaintiff to pay the damages to be assessed, c., as provided in the twenty-second section of their charter, which had been filed with the county clerk. This was objected to on the grounds: 1st. That the statute did not provide for filing a bond any where. 2d. That the *Page 638 
bond was not delivered to the plaintiff; and 3d. That after the completion of the canal, the defendants could not take more land to enlarge it. The objection was over-ruled and the bond received. If the copy had been objected to on the ground that the statute made no provision that a certified copy might be read in evidence, I think it would have been well taken. I have entertained some doubt whether the bond should not be delivered to the obligee, to give it validity. There must unquestionably be a delivery of some kind, to make it effectual; but as the party has no option to accept it or not, that power being given to the clerk, and as the obligees may be infants, lunatics, or non-residents, I am of opinion that the county clerk's office is the proper depository, and that the clerk's acceptance of the bond must, under the statute, be regarded as the acceptance of the party, though doubtless a delivery to the party would be good. The remaining ground of objection involves the principal question in the cause, viz: whether the defendants had power, under their charter, to make the enlargement. I have examined the charter carefully, with a view to this question, and am satisfied the company did possess this power, and could, if necessary, appropriate lands for that purpose under the exercise of the power of super-eminent domain, conceded to them in the charter. The bond, therefore, was properly received.
At the close of the trial, the judge instructed the jury that if they were satisfied from the evidence that the work of enlargement was done by the consent or license of the plaintiff, their verdict should be for the defendants. "The plaintiff's counsel excepted to so much of the charge as submitted the question to the jury, to find whether or not the work of enlarging the canal through his lands had been done by the plaintiff's consent or license."
This exception is sought to be sustained on the grounds: 1st. That the answer sets up a license to deposit earth upon the plaintiff's land only, and not to enlarge the canal. 2d. *Page 639 
That there was no evidence to prove a license to enlarge the canal. 3d. That a parol license would not justify the enlargement; and if that were otherwise, would not justify the raising of the water and injuring the plaintiff's land by the leakage of water through the banks.
If the pleadings did not authorize the introduction of proof of license, the objection should have been taken when the proof was offered; and if there was no proof tending to establish a license to enlarge the canal, the counsel should have pointed out that ground of objection to the charge. The exception, as taken, presents only the question whether a parol license, if properly pleaded and proved, would constitute a defense to the action. If the defense required proof of such a right as would justify, not only the making of the enlargement, but the permanent maintenance of it, against the will of the plaintiff, clearly the charge could not be sustained. A permanent interest in land, even by way of easement, cannot be created by on under a parol license. (Mumford v. Whitney, 15 Wend. 380; Foot v. New Haven Northampton Co.; 23 Conn. 214; Eggleston v. N.Y. H.R.R.Co., 35 Barb. 162; 1 Washb. on Real Prop. 400, §§ 10-11 and note.) It was not, however, necessary that the license should be valid to that extent, to render it available as a defense to this action. A parol license is effectual to justify every thing which may be done under it prior to its revocation. (Miller v.Auburn Syracuse R.R. Co., 6 Hill, 61; Stevens v. Stevens,
11 Met. 251; 1 Washb. on Real Prop. 398, § 6.) There was no revocation in this case prior to the commencement of the present action, and the license to enlarge the canal, therefore, if proved, constituted a defense or justification for all which was done under it, although it gave no permanent right to maintain the enlarged work.
It is insisted, on the part of the plaintiff, that a license to enlarge the canal would not justify raising the level of the water and injuring the plaintiff's land by the consequent *Page 640 
leakage of water through the banks. A license to enlarge the canal would authorize an increase of the depth of the channel as well as of the width, and such increase of depth might be produced by excavations from the bottom, or by raising the banks, or by both; and the license, so long as it remained in force, would not only relieve the licensee from liability for making the enlargement, but also from liability for any consequences which might naturally flow from such enlargement. (Stevens v.Stevens, 11 Met. 251; 1 Washb. on Real Prop. 398, § 6.) If the injury to the plaintiff's land was owing to any want of skill or care in making the enlargement, and was not the natural result of the work, if carefully done, the license would not constitute a defense. A license to do an act cannot be held to screen the licensee from the consequences of carelessness or unskillfulness in the performance of the act. This position, however, is not available to the plaintiff, as the attention of the court was not called to it, and no request was made to have that subject presented to the jury; nor am I aware that there was any evidence tending to show either negligence or unskillfulness. The charge of the judge, therefore, so far as it was excepted to, was correct.
I have thus considered all the objections which have been urged against the judgment, and am satisfied that none of them furnish grounds for its reversal. If it were conceded that the defendants had not, under their charter, the right to appropriate private property for the enlargement of their canal, there can be no doubt of their right to make the enlargement with the consent of the owners of property taken; and the verdict of the jury and the judge's charge in this case having established such consent, whether the evidence did or did not justify such verdict, the defense would be complete on that ground. No doubt, however, is entertained by me, that the defendants had the right to appropriate, in the manner pointed out by the charter, *Page 641 
private property for that purpose, without such consent. It was insisted by the defendants' counsel that, admitting the lands to have been appropriated by the defendants without the plaintiff's consent, the only remedy allowed to the plaintiff to obtain indemnity was that pointed out by the defendants' charter (Laws of 1823, p. 309), and that the present action, for that reason, could not be maintained. The case of Calking v. Baldwin (4 Wend. 667), which does not appear to have been noticed when this case was first before the general term of the supreme court, if the principle upon which it rests is sound, would go far to sustain that position. It does not become necessary, however, to pass upon that question, as, upon the other grounds which have been mentioned, the judgment must be affirmed.