## NEW YORK SUPERIOR COURT.

### George Bowman agt. William M. Tallman.

Motions to vacate process or proceedings for *irregularity*, issued or taken in a cause, must be made at the first opportunity after the irregularity is discovered, otherwise the irregularity will be deemed to be *waived*.

The mere oral announcement of "*judgment of affirmance*" by the general term, and the entry of such decision in the minutes of the clerk, is not such a judgment of the general term as will authorize action under it. A formal judgment, which embraces the decision, and which becomes a permanent record of the court, must be entered by the clerk, and such judgment only, *removes the stay of proceedings* from the judgment appealed from.*

*General Term, November, 1864.*

*Before* Robertson, *Ch. J.,* Monell *and* McCunn, *Justices.*

On the 22d of February, 1864, judgment was entered in favor of the plaintiff against the defendant. On the same day an appeal was taken by the defendant from the judgment to the general term of this court, and an undertaking to stay proceedings upon the judgment was filed. The appeal was argued in the general term, and on the 28th of May, 1864, the general term orally announced its deci-

---

*Note.—As an original question it would seem to be quite difficult to find a satisfactory reason for continuing a stay of proceedings upon a judgment appealed from, after the general term has announced its decision upon the appeal, of judgment of affirmance. In fact it is not easy to find any principle which will authorize the stay of proceedings after such decision of the general term. The Code (§ 335) provides that (in order to stay proceedings on appeal) " a written undertaking be executed on the part of the appellant, by at least two sureties, to the effect that if the judgment appealed from or any part thereof *be affirmed,* or the appeal be *dismissed, the appellant will pay,*" &c. Now it would seem that the *day* the general term pronounce "judgment of affirmance" in the cause, the *appeal* is at an end; the general term have no further jurisdiction or power over it, and the sureties on the undertaking on that day become (conditionally) liable to the respondent. It may very well be that the judgment must be entered formally by the clerk, before affirmative action can be taken upon *that judgment,* as for instance, in issuing execution upon it for costs, or for the purpose of bringing an appeal to the court of appeals, &c.; but this formal entry and docketing of the judgment are mere ministerial acts to be performed by the clerk, under the requisitions of the Code; but the *judicial decision* to which it is supposed the *stay of proceedings* on the appeal is limited *by the statute* is an act of the court which can only be announced once and forever, so far as that appeal is concerned.—Rep.

sion affirming the judgment. The entry in the minutes made by the clerk is as follows, after the names of the judges composing the court and the title of the cause: " Judgment affirmed with costs."   *   *   *

On the 30th of May, 1864, the plaintiff issued an execution on the judgment of February 22, 1864. An order affirming the judgment was duly entered on the 31st of May, 1864. On the 8th of June, 1864, the defendant appealed to the court of appeals, giving the proper undertaking to stay proceedings. On the 5th of October, 1864, the defendant gave the plaintiff notice of a motion that the execution be vacated and set aside " as irregular, illegal and void," on the ground that at the time of its issuing the judgment had not been affirmed. The motion was granted at special term, and the plaintiff appealed.

GEORGE BOWMAN, *plaintiff in person.*
E. T. GERRY, *for defendant.*

By the court, MONELL, J. I am inclined to think that when the execution issued the stay upon the judgment was not removed. The effect of giving the undertaking on the appeal to the general term, was to stay all further proceedings upon the judgment appealed from (*Code,* § 339), and an execution could not regularly issue until after the decision of the general term affirming the judgment. The mere oral announcement of a decision by the judges sitting in the general term, and the mere entry of such decision in the minutes of the clerk, is not such a judgment of the general term as will authorize action under it. I think a formal judgment which embraces the decision, and which becomes a permanent record of the court, must be entered by the clerk, and that such judgment only removes the stay of proceedings (*Lentilhon* agt. *Mayor, &c.* 1 *Code Rep. N. S.* 111). There was, however, a valid judgment to support the execution. Its effect and operation, and the

Bowman agt. Tallman.

rights of the plaintiff to enforce it by appropriate process, was merely suspended pending the appeal, and it was an irregularity in the conduct of the proceedings to enforce it, to issue an execution until after judgment of affirmance had been duly entered. But it was an irregularity merely. Mr. Tidd (1 *Tidd's Pr.* 512) says : " an irregularity in practice may be defined to be the want of adherence to some prescribed rule or mode of proceeding. And it consists in omitting to do something that is necessary for the due and orderly conducting of a suit, or doing it in an unseasonable time, or improper manner ;" and he mentions the entering of judgment before the time to plead has expired, the service of an execution after its return day, &c., &c., as instances of irregularities.

The long and uniform practice of the court has required that motions to vacate process or proceedings irregularly issued or taken in a cause, shall be made at the first opportunity after the irregularity has been discovered, otherwise the irregularity will be deemed to be waived. The execution in this case was issued on the 30th of May, 1864, and as the defendant's attorney states in his affidavit, was on the same day levied on the defendant's property. Yet the defendant omitted to take any steps to procure the execution to be set aside until the 5th of October, more than four months after it was issued. I think he was too late, and should be deemed to have waived the irregularity, especially as the judgment of affirmance was entered in due form on the 2d of June, and the defendant appealed therefrom on the 8th of June, with knowledge of the irregular issuing of the execution.

The order appealed from should be reversed.

ROBERTSON, J. The Code terms every direction of a court or judge not included in a judgment "an order" (§ 400), but it would be a matter of little practical consequence whether the determination of a court at general term, upon an appeal from a judgment at special term,

should be designated as an order or a judgment, were it not that the same section (just cited) requires an order to be entered in writing. Only "the finàl determination of the rights of the parties in an action," can be a judgment which is required to be entered in the "judgment book" kept by the clerk (§ 279), and to specify clearly the relief granted, or other determination of the action (§ 280). A copy of it is to form part of the "judgment roll," along with the pleadings, verdict, report, exceptions, case and certain other papers affecting it.

In case of a judgment at general term upon a verdict at special term, where directed to be subject to the opinion of the former, and in that case only, it being as reviewable on appeal as if exceptions had been actually taken on the trial (§ 333), questions or conclusions of law, together with a concise statement of the facts upon which they "arise," are required to be filed with such judgment roll (*Id*). The general term is expressly authorized to render a technical "judgment" only in such a case, and when exceptions taken at a trial are reserved to be heard by it in the first place (§ 265). The Code recognizes the grant or refusal of a new trial by an order (§ 11), and extends the appellate jurisdiction of the court of appeals to such order "as an actual determination by the general term" (*Id*), although the determination by the court of appeals therein, is termed distinctively a "judgment" (*Id*). These various provisions of the Code seem to make a decision of a court at general term affirming or reversing a judgment of the same court at special term, according to the nomenclature of such Code, a mere "order." The technical "motion" (§ 401, *sub.* 1) disposed of thereby (*Id.* § 400) being an "application" to vacate the judgment and grant a new trial. The judgments mentioned in sections 19 and 38 of the Code, probably were intended to embrace every kind of decision, since otherwise, less than the number of judges specified in such section might grant or refuse an order for a new trial. In

this case, therefore, the decision of the general term was ·a mere order, and should have been entered as such in writing before it could take effect if it had been a judgment and merely orally announced. Such announcement, would unquestionably in such a case, authorize the reduction of the decision to form, and justify a settlement and allowance of its written record subsequently, although all the judges who made it should then not be members of the court. And in such case, such record when made, would relate back to the time of such announcement.

. The stay of proceedings in this case was by statute, and not by a special order of the court. In the latter case the defendant's remedy might have been confined to a motion for an attachment for disobedience of such order. In the former it is irregular to proceed, and the proceedings may be set aside as void. The order at general term affirming the judgment at special term related back to the time of pronouncing the decision. The anticipation of it by issuing the execution was a mere irregularity, the levy of such execution on the day it was issued, was notice of its issuing. I fully concur, therefore, in the views of my brother Mo-NELL, in considering the right to move to set it aside waived by five months' delay in making the motion.

The order appealed from should be reversed, without prejudice to a motion by the defendant to stay proceedings on suitable terms.

McCunn, J. I agree fully with the chief justice and with Justice Monell, that the order appealed from in this case should be reversed, but I differ with them widely in my reasoning in arriving at this conclusion. I believe the theory or practice laid down by the learned counsel for the plaintiff is the correct practice. The learned justice who heard the case below misapprehended the fact, in assuming that no judgment roll was filed till June 2, 1864, for the judgment roll in the case was undoubtedly filed in February, 1864, and the execution fully refers to this judg-

ment and its entry, and he was mistaken, therefore, in his reason for granting the motion. He evidently based it on the supposition that a new judgment had been entered up for costs at general term, for he certainly did not refer to the original judgment which was affirmed, because to that judgment, and with that judgment the execution, which defendant is now moving to set aside, fully and completely refers.

The practice is well settled that where a judgment is affirmed, it does not add to or modify the original judgment, it remains as when entered up originally; the rule is simply to enter up a new judgment for the costs, so that in fact there are two judgments in the case—the original judgment, and the judgment for costs. Supposing no costs or disbursements had been allowed to either party on the appeal, certainly no second judgment would have been entered—all that could have been done under such circumstances was to obtain from the clerk at general term a certified copy of the order affirming the judgment, and the filing of that with the clerk of the court in which the judgment was first entered, is all that would be necessary (2 *Tiffany & Smith's Practice*, 153). This was all done by the plaintiff in this action, and this, I hold, was all he was required to do. After the court had determined the case, it must give effect to its determination as of that date, and all orders concerning the same must be as of that date. (*Wilson* agt. *Henderson*, 15 *How.* 90 ; and *Crawford* agt. *Wilson*, 4 *Barb.*)

The judgment of affirmance when entered, must refer back to the day and term it was pronounced (*Rochester Bank* agt. *Emerson*, 10 *Paige*). In this judgment (the judgment below) the plaintiff cannot take any proceedings on the same founded on the act of the general term. This execution is founded on the original judgment alone, and whatever rights or liens are acquired by a levy under it, must be treated as vested rights (*Berry, receiver*, 26 *Barb.*

Lester agt. Abbott.

55). It has been held in the case of *Jackson* agt. *Varrick* (7 *Cow.* 413), that on a case and bill of exceptions, the prevailing party may take the effect and advantage of the decision the moment it is announced. I am not insensible to the value of the arguments which have been advanced to us by the learned counsel for the defendant. These arguments raise one of the many difficulties I have found in the case. They do not, however, affect my view as to the conclusions we should arrive at.

The order appealed from should be reversed, but I do not concur with the learned chief justice that it should be reversed, with privilege to renew, &c. I agree with Justice MONELL that the order should be reversed unconditionally, and with costs.