JAMES W. FOX et al., Appellants, *v.* FRANZ O. MATTHIESSEN, Respondent.

1. APPEAL — INTERMEDIATE ORDER — CODE CIV. PRO. § 1316. An order denying a motion for a new trial upon the ground of the misconduct of a juror, and an order denying a motion to resettle such order, made before judgment, although after the successful party might have entered judgment, are intermediate orders necessarily affecting the final judgment, within the purview of section 1316 of the Code of Civil Procedure, which provides that an appeal, taken from a final judgment, brings up for review an intermediate order, which is specified in the notice of appeal, and necessarily affects the final judgment.

2. MEANING OF "INTERMEDIATE." The word "intermediate," in section 1316 of the Code of Civil Procedure, means between the two extremes of service of summons and entry of judgment.

3. REMITTANCE OF CASE FOR CONSIDERATION BY APPELLATE DIVISION. When an appeal to the Court of Appeals from an affirmance of a final judgment also brings up for review an order of a late General Term dismissing an appeal from orders on the ground that they were not "intermediate" and, consequently, not reviewable, and the Court of Appeals decides that the orders were intermediate and involve questions which the appellant was entitled to have considered by the General Term, but which the Court of Appeals is without power to consider, it will reverse the order of dismissal and remit the case to the Appellate Division for consideration of the questions presented by the appeal from the orders.

*Fox* v. *Matthiessen*, 84 Hun, 396, reversed.

(Argued January 28, 1898; decided March 1, 1898.)

APPEAL from a judgment and order of the late General Term of the Supreme Court in the second judicial department, entered respectively April 2 and February 15, 1895, affirming a judgment in favor of defendant entered upon a verdict and an order denying a motion for a new trial. The notice of appeal also brings up for review an order of the General Term entered February 15, 1895, dismissing an appeal from two intermediate orders.

This action was brought to recover commissions upon the purchase price of certain sugar refineries, alleged to have been earned under an agreement with the defendant.

The facts, so far as material, are stated in the opinion.

23

*James M. Hunt* for appellants.	By plaintiffs' notice of appeal to the General Term the orders of May twenty-sixth and May tenth were properly brought up for review by the General Term. (*Bates* v. *Voorhees,* 20 N. Y. 525; *H. F. Ins. Co.* v. *Tomlinson,* 58 N. Y. 215; *Matter of Emmet,* 150 N. Y. 538, 541; Code Civ. Pro. §§ 1301, 1316; Baylies on N. T. & App. 49; *Hunt* v. *Chapman,* 62 N. Y. 333; *Quincy* v. *Young,* 53 N. Y. 504; *Hymes* v. *Van Cleef,* 15 N. Y. Supp. 341; *Brumfield* v. *Hill,* 8 N. Y. Supp. 143; *Pfeffer* v. *B. R. Co.,* 24 N. Y. Supp. 490; *Zapp* v. *Muller,* 109 N. Y. 51; *Voisin* v. *C. M. Ins. Co.,* 123 N. Y. 120.)

*Elihu Root* for respondent.	The General Term properly dismissed the appeal from the orders in question because no separate and distinct appeal from such orders was taken. (*Selden* v. *D. & H. C. Co.,* 29 N. Y. 634; *Hymes* v. *Van Cleef,* 15 N. Y. Supp. 341; *Thurber* v. *H. B., M. & F. R. R. Co.,* 60 N. Y. 326; *Hunt* v. *Chapman,* 62 N. Y. 333; Baylies on N. T. & App. 49; *Moore* v. *N. Y. El. R. R. Co.,* 29 N. Y. S. R. 146.)

Parker, Ch. J.	The record before us contains a notice of appeal not only from the judgment entered upon the order of the General Term of the second department, affirming a judgment entered upon a verdict in favor of the defendant, but also from another and separate order of that court, dismissing an appeal taken from an order denying a motion to set aside the verdict and for a new trial, upon the ground of misconduct of a juror, and further, from an order denying a motion to resettle such order.	The notice of appeal to the General Term from the judgment distinctly stated that the plaintiffs intended to bring up for review at the same time the orders to which we have referred.	The General Term held that such orders were not "intermediate," and, therefore, not brought up for review.	We think otherwise.	Section 1316 of the Code provides that "an appeal, taken from a final judgment, brings up for review, an interlocutory judgment, or an intermediate order, which is specified in the notice of appeal, and

necessarily affects the final judgment; and which has not already been reviewed, upon a separate appeal therefrom, by the court   *   *   *."

These orders had not been reviewed upon a separate appeal; they necessarily affected the final judgment, for if the motion had been granted a judgment could not have been entered, and they were "intermediate" orders in the sense in which that word is employed in the sections of the Code bearing upon that subject, because made after the commencement of the action and before the entry of judgment.

The trial resulted in a verdict by the jury in favor of the defendant on the 12th day of April, 1894. On the same day a motion was made upon the minutes for a new trial, which was at once denied. May 5th the plaintiffs moved the court at Special Term for a new trial on affidavits alleging misconduct on the part of a juror; the motion was denied, and later, and on May 26th the court also denied in part a motion to resettle the order entered therein. Subsequently, but not until June 16th, the defendant's counsel caused judgment to be entered.

Within the letter of the statute, therefore, these orders were intermediate, and they are not without the spirit of it, because the defendant might have entered his judgment before the plaintiffs could have obtained a decision of their motion.

The object of the statutory provisions on this subject is to prevent multiplicity of appeals in the same action. The legislature might have specified the different orders which could thus be brought up, but it chose instead to use general language, broad enough to include any order which necessarily affects a final judgment and is "intermediate," that is, between the two extremes of service of summons and entry of judgment.

We are referred to *Selden* v. *D. & H. Canal Co.* (29 N. Y. 634) for an expression of opinion by this court to the effect that such orders are not intermediate. The question in that case arose under section 11 of the old Code of Procedure. An examination fails to disclose with certainty whether the orders

denying motions for a new trial, on the ground of misconduct of a juror, were made before or after entry of judgment. Judge SELDEN's discussion of the matter, however, indicates that they were made afterwards, for, after denying that they were " intermediate " orders, he said " they were not summary applications after judgment within the 3rd subdivision of the same section. That provision only relates to orders which recognize the original regularity and validity of the judgment, and are based on facts and circumstances occurring subsequently." The conclusion most naturally drawn from this argument is, that the orders were made after judgment, but based on facts occurring prior to its entry. That case is not, therefore, an authority on this question.

Our conclusion is, that the record presents a question which the General Term should have passed upon and did not — a question which the appellants are entitled to have considered, but which this court is without power to consider.

The order dismissing the appeal should be reversed, and the case remitted to the Appellate Division of the second department, to consider the questions presented by the appeal taken from such orders.

This practice is in accordance with *Matter of De Camp* (151 N. Y. 557, p. 564).

All concur, except GRAY, J., absent, and BARTLETT, J., not voting.

Order reversed.