THE JEWELERS' MERCANTILE AGENCY (Limited), Respondent, *v.* ALONZO ROTHSCHILD and ALBERT ULMANN, Appellants.

| 155 | 255 |
|-----|-----|
| 155 | 104 |
| 155 | 255 |
| 156 | 650 |
| 155 | 255 |
| 160 | 5 |

APPEAL TO COURT OF APPEALS — ORDER IN CONTEMPT PROCEEDING.
A proceeding to punish a party for contempt, instituted by an order to show cause, to enforce the judgment in an action, is a proceeding in the action, and not a special proceeding (Code Civ. Pro. § 2273); and, therefore, a final order made therein is not appealable as of right to the Court of Appeals (§ 190).

*Jewelers' Mer. Agency* v. *Rothschild,* 6 App. Div. 499, appeal dismissed.

(Argued January 13, 1898; decided March 8, 1898.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 11, 1896, modifying and affirming, as modified, a final order of the Special Term, which declared defendants guilty of contempt in disobeying the judgment in the action, and imposed upon them a fine of $2,708.08, a two months' term of imprisonment and costs. The Appellate Division struck out the direction for imprisonment and affirmed the judgment as so modified.

*Wheeler H. Peckham* and *Leopold Sondheim* for appellants.

*Howard Mansfield* for respondent. The order which the defendants seek to review is not appealable to this court. (Const. art. 6, § 9 ; Code Civ. Pro. §§ 190, 2273 ; *Pitt* v. *Davison,* 37 N. Y. 235 ; *E. R. Co.* v. *Ramsey,* 45 N. Y. 637 ; *Brinkley* v. *Brinkley,* 47 N. Y. 40 ; *People* v. *A. L. & T. Co.,* 150 N. Y. 117.)

PARKER, Ch. J. The defendants have given notice of appeal, as of right, to this court from an order of the Appellate Division, first department, so far as it affirms the final order of the Special Term.

Such an appeal cannot be taken unless the order complained of finally determines the action or special proceeding. (Const. art. VI, sec. 9 ; Code Civ. Pro. § 190.) It is not an order

finally determining an action. That result was accomplished by a final judgment entered long ago, from which no appeal was taken. The complaint here is that the defendants have failed to obey such judgment and this proceeding was instituted for the purpose of punishing them for their misconduct. It was instituted by an order to show cause, entitled as in the action wherein the moving party sought to enforce the judgment. Section 2273 of the Code of Civil Procedure reads as follows:

"An order to show cause may be made, either before or after the final judgment in the action, or the final order in the special proceeding. It is equivalent to a notice of motion; and the subsequent proceedings thereupon are taken in the action or special proceeding as upon a motion made therein."

By express provision of the statute this proceeding is one taken in an action in which the defendants have not obeyed the judgment, and is not a special proceeding.

Before the adoption of the provisions of the Code above quoted, it had been announced in *Pitt* v. *Davison* (37 N. Y. 235) that a proceeding to punish for contempt, instituted by an order to show cause obtained by one party to an action against the other, was a proceeding in the action. Subsequently there was an intimation in at least two cases that such a proceeding should be regarded as a special proceeding, and the revisers in their notes stated that the object of this section was to settle the rule in accordance with the decision in *Pitt* v. *Davison.* That they accomplished their purpose is apparent from a careful reading of the statute.

The appeal should be dismissed, with costs.

All concur.

Appeal dismissed.