(45 Misc. Rep. 595)

ZEISLOFT v. GEORGE V. BLACKBURNE CO.

(Supreme Court, Appellate Term.  December 7, 1904.)

1. APPEAL FROM JUDGMENT—MOTION FOR NEW TRIAL—REVIEW.

Where an order denying a motion for a new trial was made and entered subsequent to the entry of judgment, it was not an intermediate order which was reviewable on appeal from the judgment, as authorized by Code Civ. Proc. §§ 1301, 1316.

2. SAME—WEIGHT OF EVIDENCE.
    An objection that the verdict is contrary to the weight of evidence cannot be reviewed on appeal from the judgment alone.
3. SAME—RIGHT TO ALLEGE ERROR—OBJECTIONS AT TRIAL.
    Where, in an action for alleged wrongful discharge, defendant made no objection at the trial that there was no proof to substantiate the fact of plaintiff's discharge, whereupon the court submitted the question to the jury, defendant was not entitled to object on appeal that the verdict in favor of plaintiff was against the weight of evidence for want of such proof.

Appeal from City Court of New York, Trial Term.

Action by Elizabeth I. Zeisloft against the George V. Blackburne Company for breach of a contract of employment. From a City Court judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

George F. Maguire, for appellant.
Wales F. Severance, for respondent.

BISCHOFF, J. The state of the record precludes us from considering the verdict in the light of the weight of the evidence. There is no direct appeal from the order entered upon the denial of the defendant's motion for a new trial, made upon the minutes of the trial court immediately after the verdict was rendered. The appeal, according to the tenor of the notice, is from the judgment only, and the order denying defendant's motion for a new trial is sought to be reviewed as an intermediate one (Code Civ. Proc. §§ 1301, 1316); and while such an order, if made and entered before judgment, and specified in the notice of appeal, may be reviewed upon appeal from the judgment (Fox v. Matthiessen, 155 N. Y. 177, 49 N. E. 673; Taylor v. Smith, 164 N. Y. 399, 58 N. E. 524), it remains that this particular order is not so reviewable, because not an intermediate one, it having been concededly made and entered subsequent to the entry of the judgment. Fox v. Matthiessen, supra. As the record stands, therefore, the judgment may be assailed only for legal error to which the appellant was not a party and in which it did not acquiesce. Nor should the case be remanded for correction in the date of the entry of the order denying the motion for a new trial, which might have been directed to correspond to the date of the decision of the motion (Willson v. Henderson, 15 How. Prac. 90), because of the appellant's attitude upon the trial hereinafter next alluded to, in connection with the exception taken to the trial court's refusal to dismiss the complaint.

The action was for damages for the plaintiff's wrongful discharge from the defendant's employ, such discharge having been distinctly averred in the verified complaint. She was the only witness called in her behalf, but utterly failed to substantiate the fact of her discharge. Neither was the fact made to appear from the testimony of any witness called for the defendant. To this defect in the proof, however, the court's attention was in no wise

directed. There was a motion for dismissal of the complaint at the close of the introduction of the evidence for both parties, but, in so far as the motion was not merely formal, the ground specified did not include the insufficiency of the evidence to show the plaintiff's discharge. Had this defect been pointed out, non constat that it could and would not have been obviated. Apparently the sufficiency of the evidence respecting the discharge was conceded, and the court, without further objection by the defendant's counsel, submitted the question to the jury, who resolved it in the plaintiff's favor. In principle and upon authority, the defendant should not now be heard to urge the defect for reversal of the judgment. "It is a salutory rule," said the court in Thayer v. Marsh, 75 N. Y. 340, "which requires a party to take his ground when he has an opportunity to object, so that the other party shall not be misled by his silence; and he is not allowed to spring an objection for the first time after the trial has been concluded, and after the opportunity is passed for his adversary to. make additional proof whereby the objection might have been obviated." See, also, Haines v. N. Y. Cent., etc.; R. R. Co., 145 N. Y. 235, 39 N. E. 949; Wines v. The Mayor, etc., 70 N. Y. 614; Caponigri v. Altieri, 165 N. Y. 255, 59 N. E. 87.

The judgment should be affirmed, with costs. All concur.