ASNA ARONOWSKY, Respondent, v. GOLDBERGER-RAABIN Co., INC., Appellant. — In an action, based on contract, to recover damages to the respondent's building, alleged to have been caused by the appellant's operations in connection with the construction of a section of the Rapid Transit Subway under a contract between the appellant and the city of New York, judgment, and order dated May 22, 1936, modified so as to allow interest on the reduced verdict of $2,000 from November 15, 1933, the date of the commencement of the action, and as so modified unanimously affirmed, with costs to respondent. Appeal from order of May 4, 1936, dismissed. In our opinion, upon this record the respondent was entitled to interest upon the reduced verdict only from the date of the commencement of this action, as the date prior thereto, when damage accrued, was not made clear. (*Freedman* v. *Hart & Early Co., Inc.*, N. Y. L. J. Feb. 20, 1935, p. 907.) Present — Lazansky, P. J., Carswell, Davis, Adel and Taylor, JJ.

ABBIE BARBIERI, Respondent, v. JOSEPH BARBIERI, Appellant.— Order granting plaintiff's motion to punish defendant for contempt in failing to make payment of temporary alimony for the support of plaintiff and her son, affirmed, with ten dollars costs and disbursements. On the trial, both the complaint and defendant's counterclaim were dismissed; but before the judgment was signed and entered, the plaintiff commenced this proceeding to obtain the arrears unpaid of the amounts which the court had provided for the support of the wife and child in accordance with defendant's duty. It is said that an appeal has been taken from the judgment by the plaintiff. The action has not been fully terminated (*Becker Steel Co. of America* v. *Hicks*, 66 F. [2d] 497, 499; 1 C. J. S. p. 1421; 1 Am. Jur., title, Actions, § 64); and jurisdiction remains in the court to enforce its former order and to prevent the escape of defendant from his duty to support his wife and son as directed by the order (*Shepard* v. *Shepard*, 99 App. Div. 308). Hagarty, Davis, Johnston and Close, JJ., concur; Lazansky, P. J., dissents. Prior proceedings, not terminated when judgment dismissing the complaint and counterclaim was entered, fell with the entry of judgment.

ROBERT J. DAVIDSON, Appellant, v. LOUIS WENDEL, Respondent.— Order granting defendant's motion to change the venue from Orange county to New York county affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Davis, Johnston and Close, JJ., concur.