Harry Davidowitz, Plaintiff, *v.* Jack Hamroff et al., Defendants.

Supreme Court, Special Term, Kings County, May 19, 1949.

*Mackler Brothers* for plaintiff.

*Sidney S. Snyder* for defendants.

Murphy, J. This action was originally brought by plaintiff for an accounting of the affairs of a copartnership theretofore existing between the parties and resulted in a judgment being entered herein in favor of defendants, which required plaintiff to indorse two checks and deliver them to defendants within ten days after service upon him of a certified copy of said judgment. A certified copy of the judgment was duly served upon plaintiff and personal demand was also made upon him for compliance with the terms thereof. Defendants, by this order to show cause, seek an order punishing plaintiff as and for a contempt of this court for failure and neglect to comply with the provisions of the aforesaid judgment.

In support of the application defendants allege that plaintiff is not presently living within the State of New York but that he often returns to New York for a stay of various lengths of time. For that reason service of the order to show cause was directed to be made upon the attorneys for plaintiff. In opposition to the motion, an attorney at law submitted his affidavit in which he stated that he had no personal knowledge of the action, which was handled throughout by his brother, who has been ill and out of the office since October, 1948. He evidently is not fully

familiar with what has transpired in the action, and concludes that " This judgment [referring to the judgment entered in defendants' favor] obviously terminates all subsequent authority of our office on behalf of Harry Davidowitz, the plaintiff," and thereafter also concludes from this fact that the service of the order to show cause " is wholly improper." He also submits that " without such personal service upon plaintiff the application is wholly improper and the court is without jurisdiction to grant an order."

There has been considerable controversy throughout the years as to whether an application to punish a party for contempt of court for willful violation of the provisions of a judgment is an application in the action or a separate proceeding. In *Pitt* v. *Davison* (37 N. Y. 235 [Sept., 1867]), the Court of Appeals held that an application to punish for contempt was a proceeding in the action. Several cases thereafter intimated that an application to punish for contempt should be regarded as a special proceeding and not a proceeding in the action. As a result, section 2273 of the Code of Civil Procedure was enacted, in the following form: " *Effect of order to show cause, and of warrant.* An order to show cause may be made, either before or after the final judgment in the action, or the final order in the special proceeding. It is equivalent to a notice of motion; and the subsequent proceedings thereupon are taken in the action or special proceeding, as upon a motion made therein. A warrant of attachment is a mandate, whereby an original special proceeding is instituted against the accused, in behalf of the people, upon the relation of the complainant."

The Court of Appeals thereafter had occasion to pass upon the effect of this enactment in *Jewelers' Mercantile Agency* v. *Rothschild* (155 N. Y. 255, 256), and in which the court stated: " By express provision of the statute this proceeding is one taken in an action in which the defendants have not obeyed the judgment, and is not a special proceeding.

" Before the adoption of the provisions of the Code above quoted, it had been announced in *Pitt* v. *Davison* (37 N. Y. 235) that a proceeding to punish for contempt, instituted by an order to show cause obtained by one party to an action against the other, was a proceeding in the action. Subsequently there was an intimation in at least two cases that such a proceeding should be regarded as a special proceeding, and the revisers in their notes stated that the object of this section was to settle the rule in accordance with the decision in *Pitt* v. *Davison*. That they

accomplished their purpose is apparent from a careful reading of the statute.''

In 1909, section 2273 of the Code of Civil Procedure was repealed and re-enacted into law as section 761 of the Judiciary Law, in the following form: '' An order to show cause is equivalent to a notice of motion; and the subsequent proceedings thereupon are taken in the action or special proceeding, as upon a motion made therein.''

In 1947, section 761 was amended by adding to the foregoing the following language: '' In a civil contempt proceeding such order to show cause shall be served upon the accused, unless service upon the attorney for the accused be ordered by the court or judge.''

In the instant application the order to show cause provided for service of the order to show cause upon the attorneys who had been appearing for the plaintiff. There is no dispute but that a certified copy of the judgment having been served upon the plaintiff, he had knowledge of the requirements of the judgment which commanded him to do a specific act. In view of the fact that it is now well established that this is a motion in the action, the court concludes that service of the order to show cause, etc., may be effected upon the attorneys who have been appearing for the party.

The motion is in all respects granted. Plaintiff is adjudged in contempt and fined the sum of $50. The order to be entered will also provide that he is to be detained by the Sheriff until he shall have paid the aforesaid fine and complied in all other respects with the provisions of the judgment entered herein. Settle order on notice.