JOSEPHINE POLIZOTTI, Respondent, *v.* CARMELLO POLIZOTTI, Appellant.

Second Department, May 26, 1952.

*Irving I. Erdheim* and *Robert F. Armstrong* for appellant.

*Paul M. Klein* for respondent.

Nolan, P. J.   This action for a separation was commenced in June, 1947.   In July, 1947, plaintiff obtained an order directing the defendant to pay alimony *pendente lite* in the sum of $25 a week.   In October, 1951, plaintiff, by order to show cause, commenced proceedings to punish defendant for contempt for failure to pay such alimony accrued since August, 1947.   The motion to punish for contempt was referred to an Official Referee to hear and determine.   When the matter came on to be heard before the Official Referee on December 7, 1951, the action had been tried, and it is conceded that a judgment was thereafter entered on December 12, 1951, dismissing the complaint.   Thereafter, and on January 15, 1952, an order was made by the Official Referee, adjudging the defendant in contempt, imposing a fine and directing defendant's commitment if default should be made in payment as therein provided.

On this appeal we are required to determine whether jurisdiction remained in the court to make the order appealed from, after the entry of final judgment dismissing the complaint. If the motion to punish had been made after final judgment there would be no question as to the court's lack of authority. A proceeding to punish a party to an action for a civil contempt, commenced by an order to show cause, is a proceeding in the action and not an independent special proceeding.   (*Pitt v. Davison,* 37 N. Y. 235, 240; *Jewelers' Mercantile Agency v. Rothschild,* 155 N. Y. 255; *Matter of Steinman v. Conlon,* 208 N. Y. 198.)   The order to show cause is equivalent to a notice of motion, and the subsequent proceedings thereon are taken

in the action, as on a motion made therein. (Judiciary Law, § 761; *Turner* v. *Woolworth*, 221 N. Y. 425, 429.) The court would have had no power, therefore, to entertain the motion after judgment (*Hayes* v. *Hayes*, 150 App. Div. 842, affd. 208 N. Y. 600; *Matter of Thrall*, 12 App. Div. 235, affd. 153 N. Y. 644), nor would the court, ordinarily, have any power after judgment to make an order affecting a substantial right of a party, except to carry the judgment into effect, to set aside or correct the judgment, or in cases where special authority is given by statute. (*Matter of Ungrich*, 201 N. Y. 415.)

Here, however, it is undisputed that the motion to punish was made and that the proof was fully submitted thereon prior to the entry of judgment. On December 7, 1951, it was competent for the Official Referee to render his decision immediately. Apparently he did not do so because he wished to give adequate consideration to the questions of law which were presented. When he subsequently decided the motion in plaintiff's favor he could have done so *nunc pro tunc,* as of the date when the proof was submitted, and no doubt would have done so if plaintiff had so requested. Under the circumstances, the order appealed from should be given effect as of the time when the proof on the motion was submitted. The delay of the court in announcing its decision on a motion should not be allowed to operate to the prejudice of the party in whose favor the decision is made. (*Willson* v. *Henderson,* 15 How. Prac. 90; *Crawford* v. *Wilson,* 4 Barb. 504.)

The order should be modified so as to provide that it is made, *nunc pro tunc,* as of December 7, 1951, and as so modified the order should be affirmed, with $10 costs and disbursements to respondent.

CARSWELL, J. (concurring in result). The Supreme Court has jurisdiction to make an order punishing as for a contempt in respect of accrued unpaid temporary alimony in a proceeding instituted and submitted for decision before the entry of judgment in the main action. (Judiciary Law, § 760; Civ. Prac. Act, §§ 1172, 1171-b; *Barbieri* v. *Barbieri,* 250 App. Div. 731; *Treherne-Thomas* v. *Treherne-Thomas,* 267 App. Div. 509, 511, 513; *Mazer* v. *Mazer,* 276 App. Div. 733, 737, affd. 301 N. Y. 774; *Matter of Cost* [*Benetos*], 277 App. Div. 1049, appeal dismissed, 303 N. Y. 862.)

This view is no longer open to serious challenge under *Mazer* v. *Mazer* (276 App. Div. 733, 737, affd. 301 N. Y. 774, 775, *supra*).

Any other view would put a premium on the flouting of the court and would be contrary to settled New York doctrine

requiring orders to be obeyed (*Ketchum* v. *Edwards,* 153 N. Y. 534, 538, 539; Judiciary Law, § 760) as well as Federal doctrine of a kindred character (*Howat* v. *Kansas,* 258 U. S. 181, 188, 190; *Gompers* v. *Bucks Stove & Range Co.,* 221 U. S. 418, 450).

To the extent that accrued vested property rights arising under an order for temporary alimony is enforcible by one method, as in *Mazer* v. *Mazer* (*supra*), it is enforcible by all or none of the other available methods.

The order appealed from, as a matter of substance, necessarily gives effect to the temporary alimony order as of the date the motion therefor was made. It is not strictly necessary under settled authority to enter the order *nunc pro tunc,* but no harm comes from so doing. This merely makes the form conform more clearly to the substance.

The fact that the judgment, when entered, was adverse to the wife has no effect upon the enforcibility of the intermediate order under the foregoing circumstances. The intermediate order merges in the judgment in its prospective effect, but property rights previously accrued and vested thereunder in the wife are enforcible. The test as to the propriety of an intermediate order requiring the payment of alimony *pendente lite* is as to whether or not the moving papers establish, prima facie, a reasonable prospect of success. The fact that on a trial such success does not eventuate is of no relevance or importance. The test on that occasion is whether the evidence *adduced* to support or controvert the cause of action is or is not credited or adequate. If the temporary alimony had been paid it could not be recovered, because the wife is entitled to some form of support generally and, under the order *pendente lite,* until it be adjudicated that the husband is not at fault. Assuming, without deciding, that the intermediate order was erroneously made, it must be obeyed and it is enforcible unless and until its enforcement is stayed. Here there was no stay, and the property rights which accrued prior to trial vested in the wife and are the proper subject of enforcement. Certainly, if the proceeding to enforce be instituted before the entry of judgment, the wife may not be deprived of those vested rights by delay in the decision of the application for enforcement until after the entry of judgment. (*Tuomy* v. *Dunn,* 77 N. Y. 515, 517.) We are not concerned with whether the accrued alimony could be enforced if the proceeding in contempt, or otherwise, had not been instituted until after the entry of judgment. In *Mazer* v. *Mazer* (*supra*), the Court of Appeals stated a principle in answer to

a question as to the effect of the entry of judgment on intermediate orders and the right of enforcement by contempt or entry of money judgment thereon and stated that such orders did not fall upon the entry of judgment relating to the marriage status. In that case the proceeding to enforce one intermediate order on one phase was begun ten years after the entry of judgment. That principle is controlling here and is effective regardless of whether the wife did or did not prevail on the trial. (*Treherne-Thomas* v. *Treherne-Thomas*, 267 App. Div. 509, 511, 513, *supra*.)

ADEL and SCHMIDT, JJ. (dissenting). Section 1172 of the Civil Practice Act provides that a husband who defaults in payment of alimony directed to be paid by an order in a matrimonial action may be punished as for a contempt of court. On the issuance of an order to show cause '' proceedings must be taken to punish him, as prescribed in article nineteen of the judiciary law for the punishment of a contempt of court other than a criminal contempt ''.

If the proceedings mentioned in section 1172 could be construed as an independent special proceeding, there would be no difficulty in determining that such a proceeding commenced before final judgment in the action would survive the final judgment. However, section 761 of the Judiciary Law provides that '' An order to show cause is equivalent to a notice of motion; and the subsequent proceedings thereon are taken in the action or special proceeding, as upon a motion made therein.''

This section is derived from section 2273 of the Code of Civil Procedure, adopted in 1880, which read in part: '' An order to show cause may be made, either before or after the final judgment in the action, or the final order in the special proceeding. It is equivalent to a notice of motion; and the subsequent proceedings thereupon are taken in the action or special proceeding, as upon a motion made therein.''

Prior to the effective date of that section, there was a conflict of opinion as to whether or not a proceeding to punish a party to an action or a special proceeding for a civil contempt was an independent special proceeding or a proceeding in the action or special proceeding in which it was entitled. (Cf. *Pitt* v. *Davison*, 37 N. Y. 235, 240, 241, and *Watson* v. *Fitzsimmons*, 5 Duer 629, holding that such proceedings were taken in the action, and *Erie Ry. Co.* v. *Ramsey*, 45 N. Y. 637; *Brinkley* v. *Brinkley*, 47 N. Y. 40, and *Sixth Ave. R. R. Co.* v. *Gilbert Ele-*

*vated R. R. Co.,* 71 N. Y. 430, holding that the contempt proceeding was an independent special proceeding.)

Since the effective date of section 2273 of the Code of Civil Procedure, the decisions of the Court of Appeals are uniformly to the effect that a proceeding to punish a party for a contempt, instituted by an order to show cause, is a proceeding in the action and not an independent special proceeding. In view of these decisions, it must be held that a contempt order, made after judgment in a separation action, is made in a proceeding in an action and not in an independent special proceeding.

We are not aided by section 760 of the Judiciary Law, which provides that the order to show cause may be made either before or after the final judgment in the action. Such was the provision in section 2273 of the Code of Civil Procedure. However, it was not the legislative intent, in enacting that section, to make a new rule or provide for any new procedure in contempt proceedings. This is clearly shown by the revisers' notes on the adoption of section 2273, in which they stated that the purpose of the section was to settle the rule in accordance with the decision of *Pitt* v. *Davison* (37 N. Y. 235, *supra*), in view of the conflict of authority hereinbefore mentioned. (See *Jewelers' Mercantile Agency* v. *Rothschild,* 155 N. Y. 255, 256.)

In *Matter of Ungrich* (201 N. Y. 415, 418–419) the rule which we believe is generally accepted is stated as follows: " After judgment the court has no power to make an order affecting the substantial right of a party except for the purpose of carrying the judgment into effect or in those cases where special authority is given by the Code (*Kamp* v. *Kamp,* 59 N. Y. 212; *Fellows* v. *Heermans,* 13 Abb. [N. S.] 1; *Gardner* v. *Gardner,* 87 N. Y. 14), though this rule does not prevent the court from entertaining a motion to set aside or correct a judgment. Nor did the fact that the judgment was on appeal enhance the power of the court. Till the judgment should be reversed it was a finality like other judgments." See, also, to the same effect, *Public Operating Corp.* v. *Weingart* (255 App. Div. 443).

Here the motion to punish was made before the trial and entry of judgment. The motion was referred to an Official Referee to hear and determine and was brought on for hearing on December 7, 1951. However, the trial in the action was had on December 4th and 5th, and judgment was rendered by the Trial Justice on December 5, 1951, dismissing the complaint on the merits. The judgment was not entered until December 12, 1951. It has been held that an act of rendering a judgment by a justice is judicial; that of entering it in his docket is minis-

terial. The judicial function of the justice is completed when he has rendered his judgment. (*Fish* v. *Emerson*, 44 N. Y. 376, cited in *Vogel* v. *Edwards*, 283 N. Y. 118, 121.) Therefore, at the time the proof was submitted to the Official Referee on December 7, 1951, there was no longer any action pending, the decision dismissing the complaint on the merits having been made on December 5, 1951. For these reasons, and on the authority of *Hayes* v. *Hayes* (208 N. Y. 600), the order adjudging the defendant in contempt should be reversed on the law and the motion to punish denied, without costs.

WENZEL, J., concurs with NOLAN, P. J.; CARSWELL, J., concurs in result in memorandum; ADEL and SCHMIDT, JJ., dissent and vote to reverse the order and to deny the motion, in memorandum.

Order adjudging defendant in contempt, imposing a fine and directing his commitment if default should be made in payment as provided therein modified so as to provide that such order is made, *nunc pro tunc*, as of December 7, 1951, and, as so modified, the order is affirmed, with $10 costs and disbursements to respondent. [See *post,* pp. 819, 829.]