Frankenthaler, S.
In her will, the testatrix, a daughter of Isaac Singer, one of the founders of the Singer Manufacturing Company, directed her executor and trustee to retain unsold all her holdings of stock of that company. Proper allocation of a cash dividend declared on such stock is before the court in this trustee’s accounting.
As the testatrix was domiciled in Rhode Island it is the law of that State which controls the construction of her will. (Matter of Duke, 181 Misc. 529; Decedent Estate Law, § 47; Restatement, Conflict of Laws, § 308; 1 Davids on New York Law of Wills, § 452 et seq.) There being no express direction concerning allocation, the court must determine the testamentary intention from the direction ‘ to apply the net income ” of the trust to the use of the life beneficiary. In such a case Rhode Island holds that “ ordinary ” dividends belong to the life beneficiary; “ extraordinary ” dividends “ belong to the life beneficiary, unless they entrench in whole or in part upon the capital of the trust fund * * * in which case such extraordinary dividends should be returned to the trust fund or apportioned between the trust fund and the life beneficiary in such a way as to preserve the integrity of the trust fund.” (Rhode Island Hosp. Trust Co. v. Peckham, 42 R. I. 365; quoting Matter of Osborne, 209 N. Y. 450.)
Whether a dividend is ‘ ‘ ordinary ’ ’ depends not on any single factor but on all the circumstances of the case (Restatement, Trusts, § 236-c, subd. 5; Matter of Bank of New York & Fifth Ave. Bank, 105 N. Y. S. 2d 211, mod. sub nom. Matter of Mathews, 280 App. Div. 233, affd. 305 N. Y. 605). It is not likely that the testatrix was unaware of the practice of the Singer Company to declare and pay four times a year a regular dividend of $2.50 plus an “ extra ” which would range from $1 to $5.50. This was the practice when the will was executed and throughout the prior history of the company. After the *430 execution of the will in August, 1931, however, the company discontinued the “extra” dividends and the amount of the regular “ quarterly ” itself fluctuated. Testatrix died October 20, 1932. Thereafter, in March, 1934, the practice of a regular dividend plus an extra was resumed, and in December, 1935, three dividends were declared. The dividend with which we are here concerned was one of the three. It was in the amount of $15 per share and was denominated by the directors of the company a “ special ” dividend. It was payable together with a regular “ quarterly ” dividend of $1.50 per share and an “ extra” dividend of $5 per share.
The question has been stated to be whether the dividend is “so unusual in size and time of declaration as to be called ‘ extraordinary ’ in view of the situation ”. (4 Bogart on Trusts & Trustees, § 845.) In Matter of Postley (251 App. Div. 469) the court, considering this same Singer dividend, said at page 476: “Appellant claims that this special dividend was declared to compensate the stockholders for the diminished dividends which the company paid in prior years, from 1931 to 1934. Appellant probably is right, although there is no proof to show the particular purpose * * * But whatever the purpose, I do not believe, in view of the liberal dividend payments in the past, that this special dividend may be termed an extraordinary dividend.” (See also 2 Scott on Trusts, § 236.1 commenting on the Postley case.)
The leading cases on the subject have held to be “ extraordinary”: a series of dividends amounting to 69% of capital (Rhode Island Hosp. Trust Co. v. Peckham, supra); a single dividend amounting to 100% of capital (Matter of Osborne, supra); a single dividend amounting to 50% of capital (Bourne v. Bourne, 240 N. Y. 172). The “special” dividend in the instant case amounted to 5% of the market value of the stock on the date of record for payment of the dividend. Under all the circumstances the court holds that the $15 “ special dividend ” is not an extraordinary dividend and is to be allocated to income.
The court holds that testatrix used the phrase “ adopted children of my niece ” in article SIXTH (k) (2) of her will to designate Frederick L. Brockway and Michael Gr. Brockway. As Frederick L. Brockway assigned parts of his interest in such trust, the decree entered herein shall provide for payment of such parts to the assignees, the balance being payable to the ancillary committee.
The fee of the attorneys for the executor has been fixed.
Submit decree settling the account accordingly.