Joseph A. Cox, S.
In this trustees’ accounting a question is presented as to the allocation of three stock dividends.
The will was executed on April 13, 1948 with a codicil thereto executed on March 8, 1949 so that section 17-a of the Personal Property Law applies. That section requires that the stock dividends be treated as principal unless otherwise provided in the will.
The will does otherwise provide for the fifth paragraph of article “ Eleventh ” reads: '‘ I authorize my Trustees to treat all stock dividends and extraordinary cash dividends as income regardless of the fact that such dividends might possibly *862 encroach upon the principal of the trust. If in their discretion they apportion the same between principal and income, their decision in the exercise of such discretion shall be absolutely controlling on all concerned. My Trustees shall not be required to set apart any part of income as a sinking fund to absorb the premium on any securities purchased or placed in the trust funds.”
A reading of the language in the will makes it unnecessary to determine whether the distributions were true stock dividends or whether they were payable in part out of the unearned capital of the corporations in question. The trustees are authorized to treat the stock dividends as income whether they encroached upon the principal or not.
In view of the broad discretion granted to the trustees by the will, it is evident that the testator desired that the trustees should be free to make such allocation of the stock dividends in question as their judgment and discretion prompted. The trustees alone were given the discretion and they must exercise it in good faith. They are fully authorized to allocate between principal and income all the distributions in question in any such proportion as they see fit.
Submit decree on notice settling the accounts accordingly.