S. Samuel Di Falco, S.
In this intermediate accounting of the trustees, the special guardian for a contingent remainder-man has objected to the allocation to income of a stock dividend of the Texas Company received in 1948. Testator’s will was executed in 1945 so that section 17-a of the Personal Property Law would apply ‘ ‘ Unless otherwise provided in a will ’ ’. Testator did provide in his will that all “ extraordinary stock dividends shall be treated as principal and not as income ’ ’ and that all “ other extraordinary dividends, whether payable in cash, stock or otherwise, shall be treated as income and not as principal to the extent that they represent earnings of the declaring corporation, regardless of when earned”. He also gave his trustees full discretion to resolve whatever doubts, if any, may arise in interpreting or applying these directions for allocation.
The stipulation of facts shows that the company stated that the dividend in question was being “ paid in stock rather than in cash because of the desirability of conserving the cash resources of the Company in order to meet the large capital expenditures required to supply the unprecedented demand for petroleum products ”. The sum of $58 for each share issued was transferred from the earned surplus account of which $25, *594 the par value of each share, was added to the capital stock account and $33 added to the capital surplus account. The cash and stock dividends paid that year represented approximately three eighths of the company’s annual earnings. The court holds that the dividend in question was properly allocated to income (Matter of Pratt, 1 Misc 2d 428; Matter of Morron, 10 Misc 2d 861; Matter of Appleby, N. Y. L. J., May 27, 1958, p. 7, col. 4).
The special guardian has also objected to the trustees’ exercise of rights to subscribe for 66 additional shares of stock of the Texas Company in 1947 and 47 shares of stock of American Telephone and Telegraph in 1956. The trustees used the rights in part payment of the purchase price and made up the balance thereof by drawing on the principal of the trust.
In paragraph Eighteenth of his will, testator authorized the retention by his trustees of his property existing at the time of his death whether or not it constituted a ‘ ‘ legal investment ’ ’ (subdivision a) and authorized them to make investments or reinvestments only in “ so-called legal investments for trustees under the law which shall be applicable to investments by my Executors and Trustees ” (subdivision b). In subdivision (d) thereof, testator authorizes (1) the exercise of conversion privileges as to securities held and (2) consent to the “ reorganization, consolidation, merger or readjustment of the finances of any corporation ” or to the sale, pledge, mortgage or lease of the property of any corporation, the securities of which are held by the trustees. That subdivision then reads as follows: “ to do any act with reference thereto, including the exercise of options, making of agreements or subscriptions, and the payment of expenses, assessments or subscriptions which they may deem necessary or advisable in connection therewith and to hold and retain any securities or other property which they may so acquire whether or not the same shall constitute so-called legal investments for trustees under the laws applicable thereto.”
It has been held that “ a power of retention, in and of itself, is not sufficient justification for committing new trust capital to the enterprise”. (Matter of Brown, 201 Misc. 799, 805; cf. Matter of Vanderbilt, 132 Misc. 150, 155.) However, the court holds that there is sufficient authority given in the quoted portion of subdivision (d) of pararaph Eighteenth of the will herein to justify the exercise of the subscription rights. The testator realized that by the “ exercise of options, making of agreements or subscriptions ” the trustees would acquire securities that would not constitute “ so-called legal investments for *595 trustees under the laws applicable thereto.” It is worthy of note that the subscription rights to the stock of American Telephone and Telegraph were exercised in 1956 after the amendments to section 21 of the Personal Property Law made such stock a legal investment for fiduciaries subject to the 35% limitation.
Submit decree on notice settling the account accordingly.