John D. Bennett, S.
In this accounting proceeding the parties have submitted for determination, on an agreed statement of facts, respondent’s objection to the trustees’ applying “ extra dividends ” earned from an investment to income instead of principal.
The testator created a trust for his grandchild wherein a portion of the income was to be used for the grandchild’s benefit and the balance thereof accumulated until age 21. At that age all of the accumulated income, together with one half of the corpus of the trust, is to be paid to the beneficiary and the income from the remaining principal is to be paid to said beneficiary for life, as well as certain amounts of the remaining corpus in the discretion of the trustees, with remainder over outright to the beneficiary’s issue or, in default of such issue, to those appointed by him in his will.
Under paragraph “ Ninth ” of the decedent’s will he provides that in administering the trust, “ [sjtock dividends shall be considered to be principal and, insofar as is permitted by law, all dividends payable in the stock of a corporation other than the corporation declaring them and all unusual or extraordinary cash dividends shall also be considered to be principal.”
The testator provided for the funding of the trust with stock in Ingersoll-Rand Company. The accounting period herein is from March 3,1952 to August 26,1963. During said period and prior thereto Ingersoll-Rand Company paid regular quarterly cash dividends in amounts from 50 cents to $2.25 per share, and in 1954 a three-for-one stock split occurred. In addition, it paid one additional or extra cash dividend of $1 per share each year, except in 1954 when it paid $1.50, and in 1956 when it paid the afore-mentioned $1 per share plus another 50 cents extra cash dividend. The agreed statement of facts indicates that extra or special cash dividends were declared in similar small amounts in some of the years prior to the creation of the trust. The corpus consisted of 564 shares of stock at the time of its creation with an inventory value of $36,541.56. The stock had an approximate market value of $133,000 on the last day of the within *533 account. The corporate resolution indicates that all dividends paid were from surplus earnings and labeled the additional dividend as “an extra cash dividend ’ ’. In every year except 1961 the corporate net income for the year exceeded dividends paid.
The issue before the court is whether or not the “ extra ” or as sometimes referred to “ additional ” cash dividends should be apportioned to principal on the ground that they are “ unusual or extraordinary ”, or instead applied to income.
The circumstances which may be of importance in determining whether a dividend is an ordinary dividend are: (1) whether similar dividends were declared with regularity in the past; (2) whether the same are regularly paid out of current earnings; (3) the frequency with which such dividends are declared; (4) the size of the dividend in relation to the market value of the shares at the time of the creation of the trust; (5) the designation, if any, placed upon it by the directors of the corporation; and (6) the source of the earnings from which the distribution is made (1 Restatement, Trusts, § 236, comment c; 3 Scott, Trusts [2d ed.], § 236.1; Matter of Postley. 251 App. Div. 469; Matter of Pratt, 1 Misc 2d 428).
The additional or extra dividends here were made fairly consistently from yearly earnings in relatively small amounts indicative of an ordinary dividend. The fact that in one instance the dividend was paid out of the prior year’s earnings does not make the dividend unusual or extraordinary (3 Scott, Trusts [2d ed.], § 236.1). The court finds that said dividends were not unusual or extraordinary and were properly applied to the income account.
Settle decree on five days ’ notice, with three additional days if service is made by mail.