JAMES BAKER, as Executor, etc., Respondent, v. EDWARD F. BROWN, Appellant, Impleaded with PETER BOWE, late Sheriff, etc.

*Interpleader by an executor—barred by an adjudication in the Surrogate's Court passing his accounts and distributing the estate.*

Where an executor, holding a fund to which there are rival claimants, has filed in the Surrogate's Court a final account covering such fund, and a decree has been entered directing the disposition to be made thereof by him, he is not in a position to bring an action setting up the fact that there are rival claimants to the fund, and that he himself makes no claim thereto, and asking that such claimants be interpleaded.

*Semble,* that it is the duty of an executor, under such circumstances, in presenting the matter to the Surrogate's Court, to bring to the attention of that court the fact that there are adverse claims upon the fund, and to make parties to such proceedings the claimants of the fund so that an adjudication may be had in respect to their rights therein.

APPEAL by the defendant Edward F. Brown from an interlocutory judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York, *nunc pro tunc,* as of the 6th day of April, 1892, with notice of an intention to bring up for review upon such appeal an order, dated March 30, 1892, overruling the demurrer of the defendant.

*G. S. Hamlin,* for the appellant.

*A. S. Hutchins,* for the respondent.

VAN BRUNT, P. J.:

The complaint alleges that in or about the year 1882, in an action then pending in the Supreme Court, in which one Joseph E. Dewey was plaintiff and one Harriet C. Gilbert and another were defendants, an attachment was duly issued out of the Supreme Court, directed to the defendant Peter Bowe, as sheriff of the city and county of New York, directing and requiring him to attach the property of the defendants, which attachment was duly served upon this plaintiff; that at the time of the issuing and serving of said attachment the said Gilbert was interested in the estate of one James Baker, deceased, as one of the legatees under his will, and that at that time there was in the hands of the plaintiff certain moneys and property to which she was entitled as such legatee, which moneys and property were the property attached; that thereafter, in March, 1886, Dewey duly recovered a judgment against the defendants, Gilbert and another, for the sum of $3,758.23, which was duly docketed and an execution duly issued directed to the sheriff, which execution was duly served upon the plaintiff, who thereupon paid to said sheriff, in partial satisfaction of said judgment, the sum of $691.64, being the amount of money forming part of said estate then in his hands, to which said Gilbert was entitled as legatee, and that the said attachment has never been vacated by the cancellation thereof, nor has the interest of said Gilbert in the estate of James Baker, deceased, been released from the operation

thereof; that afterwards, and before the final accounting of the plaintiff, as executor, the said Gilbert died and one H. C. Ditmar was duly appointed administrator, with the will annexed, of said Gilbert, by a court having jurisdiction thereof, in the county of Fond du Lac, in the State of Wisconsin, and thereafter, upon the application of said Ditmar, ancillary letters of administration were duly issued to said Ditmar by the surrogate of the city and county of New York.

The complaint further alleged that on the 24th of March, 1891, the plaintiff, as sole surviving executor and trustee of said Baker, deceased, made and filed in the office of the surrogate of the city and county of New York his final account; and that thereafter such proceedings were had that an order was entered in said court whereby his accounts, as such executor and trustee, were finally settled and allowed, and in and by said order it was decreed that out of the moneys then remaining in his hands as such executor the sum of $589.76 should be paid to said Ditmar, as administrator, with the will annexed of said Gilbert, deceased.

· The complaint further alleged that the defendant Edward F. Brown claims said sum as assignee of said Ditmar, and that for the purpose of enforcing payment to him of said sum has caused to be issued out of the Surrogate's Court an execution directed to the sheriff, etc., requiring him to levy and collect the same out of the property of the plaintiff in this county.

The complaint further alleges that the defendant Peter Bowe, as late sheriff, etc., to whom said warrant of attachment was issued and directed, also claims the said sum of $589.76 and demands that the same shall be paid to him upon the execution issued to satisfy the aforesaid judgment in favor of said Dewey.

The complaint then alleges that the plaintiff is ignorant of the respective rights of the defendants; has no claim upon such money, and is ready to deliver it to such persons as the court shall direct; and that the action has not been brought by collusion with the defendants; and prays judgment that defendants be restrained by injunction from taking any proceedings against plaintiff in relation thereto; that the defendants be required to interplead and that the plaintiff be permitted to pay the money into court, and upon payment thereof into court he be discharged from all liability.

To this complaint the defendant Brown demurred upon the ground that it appears upon the face of the complaint that it does not state facts sufficient to constitute a cause of action. This demurrer was overruled, and from the judgment thereupon entered this appeal is taken.

It is urged, upon the part of the respondent, that there being rival claims to the fund, and the respondent being liable to be doubly vexed, and in danger of double payment, and himself making no claim to the fund in dispute, a proper case for an interpleader is presented.

This undoubtedly would be true had it not been adjudicated by a court of competent jurisdiction as to how the money in the hands of the plaintiff as executor and trustee should be paid. Upon an accounting before the surrogate, with the attachment and execution held by the defendant Bowe existing, an adjudication has been made that the executor pay to the administrator of Gilbert, deceased, the said sum of money.

Under these circumstances, we do not see how a bill of interpleader can lie. If the executor intended to dispute the right of the administrator of Gilbert to receive the money in question, he was bound to present the claim there and have it adjudicated upon. He was aware of the circumstances of this attachment, the fact of its existence, of its levy, of the claim made by the sheriff; and these facts he should have presented to the surrogate in order that the surrogate might have made the proper order. But instead of that, as far as this record shows, a dècree has been permitted to be entered, directing the payment of this money, and the surrogate has directed an execution to issue for its collection.

It seems to us that it is too late, after judgment and execution, to ask for an interpleader; and that is the position of the plaintiff in this action. It does not appear that any attempt whatever was made, upon the part of this executor, to bring in the other claimant of the fund adjudged to belong to the administrator of Gilbert. But, with full knowledge of the facts and of the claim made upon the part of the sheriff to this fund in hostility to the representatives of Gilbert, he has permitted the surrogate to make his decree directing its payment to such representatives. We are of opinion, therefore, that there having been an adjudication as to the persons to

whom this share was to be paid, it is binding upon the plaintiff and he cannot now seek an interpleader.

The judgment and order appealed from should be reversed and the demurrer sustained, with leave to the plaintiff to amend his complaint upon payment of the costs of this appeal and of the court below.

BARRETT and O'BRIEN, JJ., concurred.

Judgment and order reversed and the demurrer sustained, with leave to the plaintiff to amend his complaint upon payment of the costs of this appeal and of the court below.