(44 Misc. Rep. 270.)

CITY OF NEW YORK v. CODY et al.

(Supreme Court, Special Term, Kings County. July, 1904.)

1. INTERPLEADER—LACHES.
   The city of New York held certain moneys due contractors. Creditors of the contractors, having recovered judgment against them, sued the city and certain assignees of a fund to set aside an assignment of it made by the contractor, and have the fund applied to the judgment creditors. One whom they knew had an assignment of the fund before the assignment they sought to set aside was not made a party defendant to their action. Held that, in a subsequent action by the city against all claimants to be permitted to pay the money into court, such creditors could not defend on the ground that the city was guilty of laches in not pleading the prior assignment in their actions.

Action of interpleader by the city of New York against James A. Cody and others. Prayer of plaintiff to be allowed to pay money into court, and the defendants interplead among themselves for the same. Judgment for plaintiff, with costs.

Edward H. Wilson, for plaintiff.

Joseph Fitch and Henry H. Sawyer, for defendants.

GAYNOR, J. The essential facts are these: The plaintiff owed the defendants Cody Brothers $9,962.53. They assigned the debt to George Fruh, and he assigned it to the defendant Cahen. They after-

ward also assigned it to Teresa Cody, and she assigned it to the defendant Elizabeth Cody.

After notice of these assignments had been filed with the comptroller of the plaintiff, the defendants Fleer and others, as judgment creditors of Cody Brothers, brought suits against them and this plaintiff (the city of New York) and the said Teresa and Elizabeth Cody to set aside the said assignment to the said Teresa Cody, and to reach the fund and have it applied on their judgments; and they prevailed in their suits.

Instead of paying over the money under the said judgments, the city now brings this interpleader suit, making the said Cahen a defendant, as she claims the fund under the said prior assignment to Fruh. Cahen was not a defendant in the said judgment creditor suits, nor did the city in its answer therein set up her claim. It answered by a general denial only.

As the said judgment creditors knew of the assignment under which Cahen claimed the fund (they produced it and put it in evidence on the trial of their suits), but nevertheless omitted to make Cahen a defendant, their claim now that the city should be defeated here for laches in not pleading the claim of Cahen in the said suits is untenable. They were in no way misled by the city, and hence there is no foundation for their claim of laches against the city. The neglect of Cahen not being a party was primarily theirs. If the city alone had knowledge of the Cahen claim, or if it was under a duty to cause it to be litigated in the said suits and the plaintiffs therein were unable to cause it to be so litigated, the case here would be different. Baker v. Brown, 64 Hun, 627, 19 N. Y. Supp. 258.

Judgment for the plaintiff without costs.