In the Matter of the Application of I. NEWTON WILLIAMS, Appellant, to Enforce an Attorney's Lien.

HENRY BISCHOFF et al., as Executors and Trustees under the Will of HENRY BISCHOFF, Deceased, Respondents.

ATTORNEY AND CLIENT — LIEN FOR SERVICES IN PROCURING PAYMENT TO BENEFICIARY OF INCOME OF TRUST FUND ESTABLISHED FOR HIS SUPPORT AND EDUCATION — CODE CIV. PRO. § 66.    The income from a trust fund directed to be paid over to the beneficiary for the support and education of the beneficiary and his family, although exempt from the claims of general creditors so far as it is required for his support, is not exempt from a claim for necessary services rendered by an attorney employed by him to compel a trustee refusing to do so, to pay over the income necessary for his support, and who, for that purpose, has instituted proceedings in a Surrogate's Court; under section 66 of the Code of Civil Procedure such attorney has a lien for the reasonable value of his services in procuring the amount of income withheld, but not for services rendered in and about the estate for other relief.

*Matter of Bischoff*, 114 App. Div. 904, reversed.

(Argued January 10, 1907; decided January 29, 1907.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 26, 1906, which affirmed an order of the New York County Surrogate's Court denying an application for the establishment of an attorney's lien.

The facts, so far as material, are stated in the opinion.

*I. Newton Williams*, appellant, in person.    The appellant has a lien under section 66 of the Code of Civil Procedure. (*Matter of Fitzsimons*, 174 N. Y. 20 ; *Matter of Regan*, 167 N. Y. 338 ; *Peri* v. *N. Y. C. & H. R. R. R. Co.*, 152 N. Y. 521 ; *Goodrich* v. *McDonald*, 112 N. Y. 163 ; *Matter of King*, 168 N. Y. 58 ; *Bailey* v. *Murphy*, 136 N. Y. 50 ; *Lyddy* v. *Long Island City*, 104 N. Y. 221 ; *Boyle* v. *Boyle*, 106 N. Y. 654 ; *Puelt* v. *Beard*, 86 Ind. 172.)

*John A. Straley* for respondents.    The income provided for the benefit of petitioner's clients under the terms of testator's

will being inalienable or unassignable by them, petitioner can have, neither by statute nor at common law, a lien thereon. (*Dittmar* v. *Gould*, 60 App. Div. 94; *Ward* v. *Boice*, 152 N. Y. 191; Code Civ. Pro. §§ 1871–1879; *Butler* v. *Baudoine*, 84 App. Div. 215; *Schenck* v. *Barnes*, 156 N. Y. 316; *Cochrane* v. *Schell*, 140 N. Y. 516; *Matter of Hoyt*, 12 Civ. Pro. Rep. 208; *Tolles* v. *Wood*, 99 N. Y. 617; *Noyes* v. *Blakeman*, 6 N. Y. 567.) In no event could any creditor, even a judgment creditor, reach more of this income than that in excess of a sufficient sum for the support of the beneficiary, his wife and family. (*Butler* v. *Baudouine*, 84 App. Div. 215; *F. Nat. Bank* v. *Miller*, 24 App. Div. 551; *Everett* v. *Peyton*, 167 N. Y. 117; *Schuler* v. *Post*, 18 App. Div. 374; *Dittmar* v. *Gould*, 60 App. Div. 94; *N. A. T. Co.* v. *Aymer*, 33 Misc. Rep. 576; *Brown* v. *Barker*, 68 App. Div. 592; *Schenck* v. *Barnes*, 156 N. Y. 316.) The court below had no power to determine the lien of Williams in the absence of a judgment in his favor. (Code Civ. Pro. § 66; *Matter of Regan*, 167 N. Y. 338; *Matter of Pieris*, 82 App. Div. 466; *Matter of Rowland*, 55 App. Div. 66; *Bailey* v. *Murphy*, 136 N. Y. 50.)

HAIGHT, J. The moving papers tend to show that Henry Bischoff died, leaving a last will and testament, which had been duly admitted to probate, in which he created a trust of a portion of his estate for the benefit of his son, Franklin J. Bischoff, his wife and children, and in which the respondents were appointed executors and trustees, with directions to invest and re-invest the same and " pay to my said son Franklin J. Bischoff, or to his wife, for his benefit or of his family, for his support and the support of his wife and children during his life, the net income thereof." Under this provision the trustees had paid over to Franklin the sum of one hundred and twenty-five dollars a month for the support of himself and family out of the income of the trust estate, reserving in their hands the surplus income over and above the monthly payment, which amounted to about the sum of twenty-five

hundred dollars. In October, 1904, Williams, the applicant, who was an attorney at law, was retained by Franklin J. Bischoff and his wife to obtain an intermediate accounting by the executors and trustees of his father's will, and to compel the payment over to them of the income arising from the trust estate which had accumulated in their hands. There upon proceedings were instituted by him to obtain such relief, which finally resulted in a decree entered by the surrogate, upon the consent of the parties, by which the twenty-five hundred dollars income accumulated in the hands of the trustees was directed to be paid over to Franklin J. Bischoff and wife for their support and maintenance. Thereupon Williams served upon the trustees and their attorney a notice of his lien for services rendered, which he, by this proceeding, seeks to have established and paid. The surrogate denied his application and dismissed the proceedings, upon the ground, as stated in his opinion, that the beneficiary of the trust had no power to create a lien upon the income, and, therefore, the attorney did not obtain a lien thereon by virtue of his retainer.

The income derived from the trust estate, in so far as it was necessary for the support and education of Franklin, his wife and children, was inalienable, unassignable and not subject to process on behalf of creditors. But under our statute " where a trust is created to receive the rents and profits of lands and no valid direction for the accumulation is given the surplus of such rents and profits beyond the sum that may be necessary for the education and support of the person for whose benefit the trust is created, shall be liable *in equity* to the claims of the creditors of such person in the same manner as other personal property which cannot be reached by an execution at law." This provision of the statute has been held to apply to trusts created of personal property. (*Dittmar* v. *Gould*, 60 App. Div. 94.) In view of this provision of the statute it has been suggested that the Surrogate's Court had no jurisdiction to determine the claim of Williams, for the reason that the surplus income over and above that which was necessary for the support and education of Franklin and his family

could only be reached *in equity.* This would, doubtless, be the case if the attorney, as a general creditor, was endeavoring to reach such surplus, but such is not his position here. In the proceeding instituted by him it has been adjudged and determined that the twenty-five hundred dollars accumulated in the hands of the trustees was necessary for Franklin's support and that of his family, and, therefore, there is no surplus which the creditors could reach in equity. The only question, therefore, presented is as to whether the income from the trust estate, which was necessary for the support and education of Franklin and his family, which is exempt as to the claims of creditors, is also exempt as to the claims of Williams.

The Code of Civil Procedure, section 66, which, so far as is important to be now considered, provides as follows: "From the commencement of an action or special proceeding * * * the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, decision, judgment or final order in his client's favor and the proceeds thereof in whosesoever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment or final order. The court upon the petition of the client or attorney may determine and enforce the lien." This provision of the Code pertaining to special proceedings applies to proceedings in Surrogates' Courts and gives an attorney a lien upon his client's claim for services rendered in compelling an accounting by executors and administrators. (*Matter of Fitzsimons,* 174 N. Y. 15, and *Matter of Regan,* 167 N. Y. 338.) Does it also give a lien for services rendered in collecting the income derived from a trust estate, is the additional question now presented.

In *Estate of Hoyt* (12 Civ. Pro. R. 208), ROLLINS, Surrogate, in substance held that an attorney's lien for services rendered upon a contest over the admission to probate of a will did not attach to the income of a trust estate created for the benefit of a daughter, for the reason that no person beneficially interested in a trust for the receipt of rents and

profits can assign.or in any manner dispose of such interest; that a person to whom such person is indebted may in a court of general equity jurisdiction and not elsewhere, in a proceeding where the issue is directly made as to the amount necessary for the debtor's support and not otherwise, reach any trust income belonging to the debtor, in excess of the sum necessary for the education, support and maintenance of himself and family.

In the case of *Noyes* v. *Blakeman* (6 N. Y. 567) it was held that an attorney who defends a suit affecting the validity of a trust, at the request of the *cestui que trust* without the concurrence of the trustee, cannot reach the surplus income of the trust estate under section 57 of the statute relative to uses and trusts to pay the costs of such defense, for the reason that he is not a creditor of the *cestui que trust* within the meaning of that statute; that it was the duty of the trustee to use reasonable diligence to protect the trust estate and *he* would have a lien upon it for the expenses of such protection.

In *Tolles* v. *Wood* (99 N. Y. 616) the action was brought by a judgment creditor in equity to procure the payment of his judgment out of the surplus income beyond what was necessary for the suitable support and maintenance of the *cestui que trust* and it was held that he could recover, inasmuch as it was determined that the surplus was sufficient to pay such judgment.

Our attention has been called to other cases, but to none which seem to cover the question here presented. They, however, are to the effect that, in so far as the attorney has become a general creditor of the *cestui que trust* on account of services rendered in other proceedings and litigations, no lien would attach to the income from the trust estate which was necessary for his support and education. But in this case we have one distinguishing feature, and that is, the trustees refused to pay over to the *cestui que trust* the income derived from the trust estate which was necessary for his support and education. It was to compel them to pay over this fund that proceedings were instituted by this attorney. Under the pro-

visions of the Code, to which we have referred, he is given a lien upon his client's claim. The claim was for the twenty-five hundred dollars improperly retained by the trustees as was finally determined by the decree entered in those proceedings. The lien attached to such fund and when he succeeded in obtaining a decree for its payment to his clients he became entitled, upon giving the notice required, to have his lien protected. It is true that this twenty-five hundred dollars was income and necessary for the support and education of Franklin, his wife and children. It is also true that he could not assign or otherwise dispose of it and that it could not be reached by creditors; but he was insolvent, the trustees would not pay it over; he was compelled to resort to proceedings to obtain it and attorneys could not be compelled to do the work gratuitously. We, therefore, are of the opinion that in so far as Williams, as his attorney, rendered necessary services in procuring this income he, under the express provisions of the Code, became entitled to a lien thereon for the reasonable value of his services, although it was exempt as to claims of general creditors. Were we to hold otherwise it might operate to deprive a beneficiary of the aid of counsel and the power to collect the income due him. It is not pretended that Franklin made any contract to sell or dispose of his beneficiary interest in the trust estate. He has not made any contract as to the amount that should be paid to his attorney for collecting the income. He only engaged counsel to recover the amount due him. The income was his claim — his demand. It was his cause of action, referred to in the Code. The services of his attorney were necessary for the protection of his right to the income and its payment over to him. The compensation for the services rendered by his attorney was a part of the necessary expenses incurred in making the collection, like a pension, exempt as to creditors but chargeable with the expenses of collection. The proceeding to enforce the payment by the trustees of the income over to Franklin or his wife was instituted in the Surrogate's Court. No question is raised as to the jurisdiction of that court over

the matter or as to the validity of the decree entered by it. The proceeding now under review only called for a determination of fact as to the value of the services necessarily rendered by the attorney and a conclusion of law as to whether a lien attached for the value thereof to the fund recovered.  This case differs from that of *Sherman* v. *Skuse* (166 N. Y. 345) in which the income from the trust estate created for the benefit of a son was directed to be used, so far as necessary for his support, instead of being paid over to him.  Under that provision it was held that equity would compel the payment by the trustees for the services of a doctor necessarily rendered for his benefit. In this case the amount of income in the hands of the trustees has been determined and ordered to be paid over to Franklin.  The trustees are given no control over the manner in which it shall be expended by Franklin.  We, therefore, conclude that it was not necessary to resort to an expensive action in equity, but that the lien of the applicant could be determined summarily under the provision contained in the section of the Code referred to.  In so far, therefore, as services were necessarily rendered by Williams in procuring the payment over of the twenty-five hundred dollars income, he should have the amount of his claim determined and his lien therefor established, but not for services rendered in and about the estate for other relief.

The order of the Appellate Division and that of the surrogate should be reversed and the proceeding remitted to the Surrogate's Court to proceed thereon, costs to abide the final determination of the proceeding.

EDWARD T. BARTLETT, J. (dissenting).  I am of the opinion that the attorney acquired no lien on the accumulated income in the hands of the trustees by section 66 of the Code of Civil Procedure.  The fact that the services were rendered to the beneficiary in order to secure the payment of accumulated income makes no difference.

Where the beneficiary under a trust is indebted for services

rendered him by counsel relating to the trust, the remedy of the latter is exclusively in a court of general equity jurisdiction. The issue there to be tried is the necessary amount for the support of the beneficiary and his dependent family. It is only the surplus income that can be devoted to payment of counsel. The beneficiary is entitled to litigate this question in a court of equity. (*Tolles* v. *Wood*, 99 N. Y. 616.)

I vote for affirmance.

Vann, Willard Bartlett and Hiscock, JJ., concur with Haight, J.; Edward T. Bartlett, J., reads dissenting memorandum, with whom Cullen, Ch. J., and Werner, J., concur.

Ordered accordingly.