In the Matter of the Application of MARTIN L. UNGRICH for the Payment of Certain Moneys under the Trust Created by the Will of HENRY UNGRICH, Deceased.

MARTIN L. UNGRICH, Respondent, v. HENRY UNGRICH, JR., et al., Individually and as Executors and Trustees under the Will of HENRY UNGRICH, Deceased, Appellants.

Trusts — trust to pay over income — trustees may not offset judgment for costs in their favor against income due — appeal — final order, in proceeding to compel trustees to pay income to beneficiary of trust, reviewable in Court of Appeals.

A trust to pay over income to a beneficiary is a trust to apply the income to the use of such person within the meaning of the statute (Personal Property Law, § 15; Cons. Laws, ch. 41), and a contention that the trustees, who had obtained a judgment for costs against the *cestui que trust*, might either seize on execution income due or offset their judgment against such income cannot be sustained. The only means by which such income can be reached by a judgment creditor of the beneficiary is by an action in equity to impound the surplus beyond the requirements of the beneficiary for his support or by a special execution under section 1391 of the Code of Civil Procedure.

An application to the Supreme Court on petition by a life tenant to compel payment of income to him by trustees is a special proceeding and the final order made therein is appealable to the Court of Appeals.

On such an application the trustees should be allowed to show that they had made expenditures in an action for an accounting brought against them by the petitioner, and the circumstances under which they were incurred, in order that the court may determine what part, if any, of such expenditures should be allowed them and charged against the life tenant and what part against the corpus of the estate.

*Matter of Ungrich*, 140 App. Div. 930, reversed.

(Argued March 13, 1911; decided April 4, 1911.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 11, 1910, which affirmed an order of Special Term directing payment to the petitioner of certain income due under the terms of a trust created by the will of Henry Ungrich, deceased.

The facts, so far as material, are stated in the opinion.

*Edward W. S. Johnston* and *Edward P. Orrell* for appellants. The levy made by the sheriff upon the execution issued on the judgment against the plaintiff is a lien upon this income which should have defeated this motion. (*Hallett* v. *Thompson*, 5 Paige, 583; *Clute* v. *Bool*, 8 Paige, 82; *De Graw* v. *Clason*, 11 Paige, 136; *Jackson* v. *Bateman*, 2 Wend. 570.) The court below had no power after the trial of the action and the dismissal of the complaint on the merits with costs and the issuance of the execution thereon and the levy made thereunder, against the objection of the appellants to make such a summary order for payment. (*Weintraub* v. *Siegel*, 133 App. Div. 677.) The appellants as executors and trustees having the estate and the accrued income in their hands and having recovered a judgment for costs against the plaintiff in defending the action brought against them in their representative capacity by him for the purposes specified, have clearly a lien upon such funds in their hands for reimbursement for the costs and disbursements aforesaid, as well as the expenditures they have been put to in defending themselves against his unwarrantable attack, which, they having asserted in their opposition to this application, should

clearly have defeated such application. (*O'Brien* v. *Jackson*, 167 N. Y. 33.)

*MacIntosh Kellogg* and *L. Laflin Kellogg* for respondent. This order is not appealable to this court, and this court is without jurisdiction to review the same. (Code Civ. Pro. § 190, subd. 1; *N. Y. S. & T. Co.* v. *S. G. & E. L. Co.*, 156 N. Y. 645; *People* v. *A. L. & T. Co.*, 150 N. Y. 117; *People* v. *St. Nicholas Bank*, 150 N. Y. 563; *Merriam* v. *Wood-Parker Co.*, 155 N. Y. 136; *J. M. Agency* v. *Rothschild*, 155 N. Y. 256; *Van Arsdale* v. *King*, 155 N. Y. 325; *Matter of Attorney-General*, 185 N. Y. 443; *K. Trust Co.* v. *O., C. & R. S. R. Co.*, 197 N. Y. 301.) The Supreme Court had inherent jurisdiction over the trustees under the will, and had ample and sufficient power to make the order herein. (*Wager* v. *Wager*, 89 N. Y. 161; *Cass* v. *Cass*, 16 N. Y. Supp. 299; *Matter of Appley*, 33 N. Y. Supp. 724; *Ireland* v. *Ireland*, 84 N. Y. 321; *Holden* v. *Strong*, 116 N. Y. 471; *Collister* v. *Fassit*, 7 App. Div. 20; *Hancox* v. *Wall*, 28 Hun, 214; Perry on Trusts, § 511.) The rule of law is well settled in this state that the income from a trust estate is inalienable, and can only be reached by a judgment creditor's action, and then on proof by the judgment creditor that the income is more than necessary for the reasonable support and maintenance of the beneficiary. (*Greer* v. *Chester*, 62 Hun, 329; 131 N. Y. 629; *Douglas* v. *Cruger*, 80 N. Y. 15; *Cuthbert* v. *Chauvet*, 136 N. Y. 326; *Williams* v. *Thorn*, 70 N. Y. 270; *Wetmore* v. *Wetmore*, 149 N. Y. 520; *Dittmar* v. *Gould*, 60 App. Div. 94; *Butler* v. *Baudouine*, 84 App. Div. 215; *McNaboe* v. *Marks*, 51 Misc. Rep. 207.)

CULLEN, Ch. J. The plaintiff, who is the equitable life tenant under a trust created by the will of his father, brought an action against the appellants to have them removed as trustees for alleged misconduct as such and for an accounting. The action, after a long litigation, was decided in favor of the defendants therein and the complaint was dismissed. From that judgment the plaintiff appealed to the Appellate Division,

27

which appeal is still pending. After the judgment in the action the plaintiff presented a petition to the Supreme Court with the double title which prefaces this opinion, reciting the history of the action, alleging that a specified amount of income had accrued from the trust estate since the last payment to him and praying for an order that the appellants be required to pay over such sums. In opposition to the application the appellants submitted an affidavit in which it was alleged that in the action mentioned they had recovered a judgment against the plaintiff for costs and issued an execution thereon under which the sheriff had levied on the plaintiff's income in their hands, and they claimed the right, by virtue of such levy and also as a set-off, to deduct such amount from the petitioner's claim. They also stated that they had expended in the defense of the action a sum largely in excess of the plaintiff's income out of which they claimed the right to be indemnified for such expenditures. On the petition and opposing affidavit the court directed the appellants to pay over the accrued income, the amount of which was settled by agreement. The Appellate Division has affirmed that order and an appeal has now been taken to this court.

The respondent moves to dismiss the appeal on the ground that the order from which the appeal is taken is an order in the action and, therefore, no appeal lies therefrom as a matter of right to this court. We are of opinion the order is not an order in the action. Indeed, if it were such, the order would be void because the action had been terminated by the judgment entered therein. After judgment the court has no power to make an order affecting the substantial right of a party except for the purpose of carrying the judgment into effect, or in those cases where special authority is give by the Code (*Kamp* v. *Kamp*, 59 N. Y. 212; *Fellows* v. *Heermans*, 13 Abb. [N. S.] 1; *Gardner* v. *Gardner*, 87 N. Y. 14), though this rule does not prevent the court from entertaining a motion to set aside or correct a judgment. Nor did the fact that the judgment was on appeal enhance the power of the court. Till the judgment should be reversed it was a finality

like other judgments.   But while the respondent was in error in his belief that this was a proceeding in the action and in entitling it as such, still his mistake in nomenclature should not affect his rights.   He proceeded by petition and in cases of trust it appears to be within the discretion of the court to entertain an application for relief by petition or to require an action to be brought for the purpose.   (*Matter of Foster*, 15 Hun, 387.)   Therefore, in reality, this is a special proceeding by petition and the order appealed from is a final order therein.

The position of the appellants that they may either seize on execution the income due the respondent or set off their judgment for costs against such income is based on the claim that the trust to pay over the income quarterly to the beneficiary does not fall within the provisions of section 15 of the Personal Property Law relating to trusts to apply the income " to the use of any person," and the income, therefore, alienable, can be summarily disposed of.   Over fifty years ago it was held by this court that a trust to pay over income to a beneficiary was a trust to apply the income to the use of such person within the meaning of the statute (*Leggett* v. *Perkins*, 2 N. Y. 297); and as late as the case of *Cochrane* v. *Schell* (140 N. Y. 516) it was held that a trust to pay over a specific sum yearly fell within the statute and was not assignable by the beneficiary.

The only way such income could be reached by the appellants as judgment creditors was by an action in equity to impound the surplus beyond the requirements of the beneficiary for his support or by a special execution under section 1391 of the Code.   But though the judgment for costs was not available to the appellants as a set-off to the respondent's claim, they were or may have been entitled to indemnity out of the trust estate for expenditures made in the defense of the trust.   (Perry on Trusts, §§ 910 to 913.)   If these expenses were rendered necessary by the unwarranted action of the life tenant, they should not all be charged against the corpus of the estate, but should, in part or whole,

be charged against the life tenant, whose act had occasioned the expenses. Though the beneficiary of a trust, such as the one before us, may not alienate or assign it, still he may subject it to a claim for legal services to enforce his rights (*Matter of Williams*, 187 N. Y. 286); so, also, his wrongful conduct may result in affecting that income. Therefore, the application should not have been decided by the court without giving the appellants an opportunity to prove their expenses and the circumstances under which they were incurred, when it would be for the court to determine on the facts of the case what part, if any, of such expenditures should be allowed to the appellants and charged against the life tenant and what part against the corpus of the estate.

The orders appealed from should be reversed, with costs to abide the final award of costs, and the application remitted to the Special Term for further hearing.

VANN, WERNER, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur; HAIGHT, J., absent.

Orders reversed, etc.