ADDISON C. THORNE and Others, on Behalf of Themselves and All Other Stockholders Similarly Situated and on Behalf of BRAND's RESTAURANT CONTROL CORPORATION, Respondents, v. H. RUSSELL BRAND, CHARLES LIPKIN, WILLIAM F. CLINEMAN, Appellants, and Others, Defendants.— The appealing defendants willfully disobeyed an order directing them to produce certain books and papers at an examination before trial. They appeal from an order adjudging them in contempt. Order affirmed, with ten dollars costs and disbursements. No opinion. Hagarty, Carswell, Davis, Adel and Taylor, JJ., concur.

BLANCHE TREPTOW, Respondent, v. TREPTOW REALTY COMPANY, INC., and Others, Defendants, and BERNARD TREPTOW, Appellant.— Order consolidating actions and restraining the defendant from withdrawing from defendant savings banks, pending final judgment, moneys on deposit, affirmed, in so far as an appeal is taken therefrom, with ten dollars costs and disbursements. No opinion. The appealing defendant should proceed with the trial without delay. Hagarty, Carswell, Davis, Johnston and Adel, JJ., concur.

THE WILLIAMSBURGH SAVINGS BANK, Respondent, v. DORA BERNSTEIN, Appellant, and Another, Defendant.— In an action of interpleader, order directing that the plaintiff bank pay into court the amount of a deposit to which claim is asserted by parties in another action, and discharging the plaintiff from further liability on making such payment, and granting other relief, affirmed, without costs. No opinion. Hagarty, Carswell, Davis and Adel, JJ., concur; Taylor, J., dissents in the following memorandum: This is not a case for interpleader. The order appealed from disregards the judgment in favor of Dora Bernstein against the bank for the amount of the trust account. Under that judgment she has a vested right. It may not be disregarded. (*Baker* v. *Brown*, 64 Hun, 627, 630.) Further, the bank is charged with knowledge, and is, therefore, not ignorant of Dora Bernstein's claim, by virtue of her judgment. (*Pouch* v. *Prudential Ins. Co.*, 204 N. Y. 281, 285.) In addition, the claim of the administratrix of the goods, chattels and credits of Michael Nathan, deceased, is not shown to have any reasonable basis. There is a mere assertion of that claim. (Id. at p. 286.)

## (October 21, 1937.)

In the Matter of the Application of LAWRENCE T. GRESSER and GEORGE F. TORSNEY, Appellants, for an Order of Mandamus against S. HOWARD COHEN and Others, Commissioners of Election, etc., Respondents; THOMAS J. TOWERS, Impleaded Respondent.—Order denying the application of the petitioners Lawrence T. Gresser and George F. Torsney for an order directing the board of elections to accept as valid a certificate of nomination of Lawrence T. Gresser as candidate of the Democratic party for justice of the City Court of the City of New York, Borough of Queens, affirmed, without costs. No opinion. Leave to appeal to the Court of Appeals is granted. Hagarty, Davis, Johnston, Taylor and Close, JJ., concur.