WILLIAMSBURGH SAVINGS BANK, Respondent, *v.* DORA
BERNSTEIN, Appellant, Impleaded with Another.

Argued January 4, 1938; decided January 18, 1938.

*Alexander Berman* and *Benjamin Koenig* for appellant. The judgment of appellant against the bank for the amount of the trust account is a vested right which cannot be disregarded. (*Rankin Co.* v. *Langer Printing Co.*, 237 App. Div. 48; *Baker* v. *Brown*, 64 Hun, 627.) The complaint and supporting affidavits are insufficient to sustain the action of interpleader and the order obtained thereunder. (*Pouch* v. *Prudential Ins. Co.*, 204 N. Y. 281; *Dorn* v. *Fox*, 61 N. Y. 264; *Baltimore & Ohio R. R. Co.* v. *Arthur*, 90 N. Y. 234.) The order appealed from, restraining the enforcement of a judgment obtained in another action, is contrary to law. (*Gilroy* v. *Everson-Hickok Co.*, 120 App. Div. 207; *Belasco Co.* v. *Klaw*, 98 App. Div. 74.)

*Walter M. Palmer, S. M. Meeker* and *D. E. Meeker* for respondent. The complaint and affidavit set forth the necessary facts entitling plaintiff to maintain an action of interpleader with relief by injunction. (*Crane* v. *McDonald*, 118 N. Y. 648; *Pouch* v. *Prudential Ins. Co.*, 204 N. Y. 281.) The judgment is not *res adjudicata* either in the action brought by the administratrix or in the present action. (*St. John* v. *Fowler*, 229 N. Y. 270.) Equity can restrain the collection of a judgment. (*755 7th Ave. Corp.* v. *Carroll*, 266 N. Y. 157.)

RIPPEY, J. Michael Nathan died September 6, 1936, having a deposit with the Williamsburgh Savings Bank in account No. 764166 under the name of " Michael Nathan in Trust for Dora Bernstein."

On October 27, 1936, Fannie Nathan commenced an action in the Supreme Court of Kings county in which she made the bank and Dora Bernstein parties defendant. She alleged that Michael Nathan had, in his lifetime, made a gift to her of the said account and deposit and demanded judgment for the amount thereof. The bank answered and put in issue the allegations of the complaint, disclaimed any beneficial interest in the sum on deposit other than to see that it was paid to the proper party, and offered " to pay the balance of said account into the court or retain the said sum on deposit " pending the determination of the rights of the claimants thereto. Dora Bernstein answered denying the allegations in the complaint of a gift of the account to Fannie Nathan, and set up a counterclaim in which she asserted title thereto and demanded judgment against the bank for the amount which stood to the credit of the account. After trial and submission of the issues the jury made a special finding that the account belonged to Dora Bernstein and that there was no gift thereof to Fannie Nathan. The court then directed a general verdict dismissing the complaint and for the amount of the deposit with accrued interest to Dora Bernstein. Thereupon judgment for the amount of such deposit was duly entered on February 26, 1937, in favor of Dora Bernstein and against the bank. From that judgment no appeal has been taken, and the time to appeal has expired.

On March 26, 1937, Fannie Nathan commenced another action, this time in the capacity of ancillary administratrix of the estate of Michael Nathan, deceased, in the Supreme Court of New York county, in which she made the bank and Dora Bernstein parties defendant. In that case she alleged that prior to his death Michael

Nathan revoked the trust in favor of Dora Bernstein implied by the form of the account, and demanded payment of such account to her as such administratrix. It is unnecessary to refer further to the contents of the pleadings except to say that again the bank asserted lack of beneficial interest and offered to pay the fund into court.

The third and present action was brought by the bank under section 285 of the Civil Practice Act, in which it made Dora Bernstein and Fannie Nathan, in her representative capacity, parties defendant. The bank demanded judgment of interpleader and that it be permitted to pay the amount of the deposit into court and that, upon such payment, it be discharged from any further liability to any of the parties to the last above-mentioned action. It alleged that it had no beneficial interest in the account and deposit except to pay the deposit to the person entitled thereto, that it had no means of ascertaining the rights of the claimants in the action brought by Fannie Nathan as administratrix, that it was in doubt as to the merits of the claims of the respective claimants, and could not pay it to either without hazard to itself. Proceeding as permitted by the provisions of section 286 of the Civil Practice Act, it thereupon moved for an order for the relief demanded in the complaint. Such relief was granted by an order dated July 9, 1937, wherein it was provided among other things that the defendant Dora Bernstein be restrained from proceeding to enforce against the plaintiff or any depository of plaintiff's funds the certain judgment and order made thereon in the action in which Fannie Nathan was plaintiff and the plaintiff bank and the defendant Bernstein defendants, and that Fannie Nathan, in her representative capacity, be restrained from proceeding with the prosecution of the action then pending in which plaintiff and said Dora Bernstein were parties defendant. On appeal, that order has been affirmed.

The cause of action which Dora Bernstein had on her counterclaim in the first above-mentioned action arose out of the contract of the bank under which it agreed to pay the amount of the deposit to the one entitled thereto. That cause of action, embracing the claim to the deposit, ripened into and was merged in the judgment procured by her in that action. (*Gray* v. *Richmond Bicycle Co.*, 167 N. Y. 348.) No longer did the relation between Dora Bernstein and the bank rest upon a contract engagement between the parties or their privies, for the contract relation involving mutuality had ceased. A new and different obligation on the part of the bank arose whereby the law implied a promise on the part of the bank to pay. (*Gutta Percha & Rubber Mfg. Co.* v. *Mayor*, 108 N. Y. 276, 278; *Anglo-American Provision Co.* v. *Davis Provision Co.*, 169 N. Y. 506, 509.) The right of Dora Bernstein to receive payment of an account as a depositor or as a *cestui que trust* had ceased. Her claim against the bank became that of a judgment creditor. Such rights or obligations upon entry of judgment became final. The substantial rights of either party could not be changed or the legal effect of the judgment limited by the parties or their privies except by appeal or, in a proper case and under proper circumstances, by a motion, to vacate (*Matter of Ungrich*, 201 N. Y. 415, 418), or, under contingencies and conditions which need not be here discussed, by an action in equity if there was no adequate remedy at law. (34 Corpus Juris, p. 432 *et seq.*) " It is well settled that a judgment until reversed is conclusive between the parties to the record upon all matters directly adjudicated. So long as it is in force it must be deemed to have determined their respective rights, and the courts are bound to give effect to its determination." (*Gardner* v. *Gardner*, 87 N. Y. 14, 17.) The judgment creditor might be required to postpone collection of the judgment under conditions specified in section 886 of the Civil Practice Act.

The claim of the estate of Michael Nathan to the account adverse to that of Dora Bernstein was brought to the attention of the bank on October 14, 1936, by a formal notice in writing "that the estate of Michael Nathan is claiming the moneys deposited with the above account," referring to "Acct. No. 764166 captioned Michael Nathan in trust for Dora Bernstein." Letters of administration on the estate of Michael Nathan were issued to Fannie Nathan on November 6, 1936. All of that took place long before trial was had or decision made in the action in which it was adjudged that the deposit was the property of and should be paid over to Dora Bernstein. The bank failed to bring to the attention of the court the adverse claim of the estate of Michael Nathan, of which it had notice, and to bring that claim into court in that action for adjudication, and permitted judgment to be entered against it by which the claim of Dora Bernstein to the deposit was established. Under those circumstances the instant action of interpleader cannot be maintained. (*Baker* v. *Brown*, 64 Hun, 627.) The court has no power to limit the effect of that judgment to meet some supposed equity subsequently called to its attention. (*Stannard* v. *Hubbell*, 123 N. Y. 520, 527; *Herpe* v. *Herpe*, 225 N. Y. 323, 327.)

Even though the bank had received no notice of the claim of the estate of Michael Nathan to the account and deposit, it still would be unable to maintain this action. The plaintiff in an action of interpleader "must allege positively that conflicting claims to substantially the same thing, fund, debt, or duty are set up by defendants." (*Pouch* v. *Prudential Ins. Co.*, 204 N. Y. 281, 284.) It is here alleged that the adverse claims of defendants are to the account and deposit. So far as Dora Bernstein is concerned there is no account or deposit. The subject-matter of the action has disappeared. Plaintiff here is not seeking equitable relief against payment of the

judgment. It is not alleged, nor could it be alleged and successfully established, that there are adverse claims to the judgment as between the defendants. Plaintiff overlooks the fact that, as between it and Dora Bernstein, the account and deposit have ceased to exist.

The order of the Appellate Division and that of the Special Term should be reversed, with costs in all courts, and the motion denied, with ten dollars costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, LOUGHRAN and FINCH, JJ., concur; HUBBS, J., taking no part.

Orders reversed, etc.