■ In the Matter of the Arbitration between SAMUEL MARTZ, Respondent, and MORRIS L. MARTZ, Appellant, and BENJAMIN MARTZ, Respondent.— In this arbitration proceeding, a judgment upon an award of arbitrators was entered in 1954, in the Supreme Court, Kings County, directing that the partnership of the parties (Samuel, Morris and Benjamin Martz) be dissolved, and appointing one, Morris Horowitz, to supervise the liquidation of the partnership and to render a final account of the liquidation, subject to the right of appellant, Morris L. Martz, to procure a reaudit of the account. Thereafter, Horowitz rendered three successive accounts, two in 1954 and one on October 22, 1958. In the interim, on March 26, 1958, the petitioner, Samuel Martz, died. Then, on November 8, 1959, Horowitz also died. The present appeal is by Morris L.

Martz from an order of said court, dated June 1, 1960, denying his motion for appointment of a successor to Horowitz and for substitution of the executors of petitioner's (Samuel Martz') estate as parties in place of petitioner. Said executors appeared in opposition to the motion, and they appear as respondents on this appeal. Order reversed, with $10 costs and disbursements, and matter remitted to Special Term for proceedings consistent with the views herein set forth. It expressly appears from the account of October 22, 1958, that furniture, fixtures and machinery of unknown value still remained undisposed of as of that date. It is undisputed that it was not until some time after said date that some of those assets were divided; that agreement was reached as to the amounts of charges and credits to be made amongst the parties by reason of such division; and that other such assets, described as "junk" (in the affidavit of respondent Benjamin Martz) but nevertheless the subject of possible sale, have never been disposed of or accounted for. It is also undisputed that after said accounting date, certain spools were sold; and it has not been shown that the proceeds of such sale have been accounted for. It further appears: (a) that respondent Benjamin Martz himself claims that a certain charge for goods sold and delivered to appellant, Morris L. Martz, should be made against the latter in supplementation of the said 1958 accounting; and (b) that other claims of appellant (to some of which the petitioner had acquiesced) still remain unresolved and are being resisted by respondent Benjamin Martz and the executors of the petitioner's estate. All of the foregoing are matters which are part of the liquidation of the partnership in pursuance of the award and judgment. They establish conclusively that the contemplated liquidation has not been concluded and that the 1958 account was not a final account. Hence, a substitute for Horowitz should be appointed. Such a substitution would not be a substantive change of the award and judgment. It would be an exercise of the court's power to carry the judgment into effect (see *Matter of Ungrich,* 201 N. Y. 415, 418). Since the judgment has not been fully carried out, the proceeding must be regarded as still pending. Therefore the executors of petitioner's estate should be brought in as parties in place of the petitioner (Civ. Prac. Act, § 84). Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.