William J. Regan, S.
By a decision of this court dated June 2, 1969 the objections to the final accounting of the cotrustees were dismissed. Objections had been filed by Charles B. Penney, one of three remaindermen of the trust. The other two remaindermen had accepted the account as filed, and had appeared in this proceeding to advise the court that they did not desire to be parties to the hearing on the objections.
Application has now been made for additional attorneys’ fees in connection with the litigation that resulted from the filing of the above objections. The question that arises is whether the fees for the attorneys for Marine Midland Trust Company of Western New York, the surviving trustee, and for the estate of Charles P. Penney, Sr., the deceased trustee, should be charged fully to the share of the objectant, or whether such fees should be allocated against the trust funds.
There appears to be no dispute as to the law of New York concerning surcharge proceedings. The objectant is limited to a recovery consistent with his interest in the estate. Consenting adult remaindermen may not share in a surcharge. (Matter of De Vany, 205 N. Y. 591; Matter of Garvin, 256 N. Y. 518; Matter of Hall, 164 N. Y. 196.)
The argument is advanced that to charge the trust estate with additional fees occasioned by the litigation instituted by the objectant would work an injustice upon the two remainder-men who had no part in instituting the action and no interest in the outcome. (Matter of Bishop, 277 App. Div. 108; Matter of Ungrich, 201 N. Y. 415.) This is understandable where the objections raised are groundless and without merit. To hold that the objections filed by Charles B. Penney were completely without merit is not acceptable to this court. The account filed by the trustees clearly reflected a substantial loss to the estate. *336 While such a loss, in and of itself, does not imply negligence, imprudence or mismanagement on the part of the trustees, it does seem to imply a duty of explanation to the beneficiaries and remaindermen.
The law of the State of New York is well stated in Matter of Rosenbaum (76 N. Y. S. 2d 715) decided by Surrogate Delehaxty of New York County on November 21, 1947. In that case objections were interposed by certain parties and upon achieving success in their litigation other acquiescing or consenting parties attempted to seek the advantages of the success by interposing their objections after the conclusion of the hearings. This was not permitted by Judge Delehanty, who stated (p. 717): “While the now moving parties urge that their defaults were excusable and that they are not now guilty of laches the papers submitted by them show no adequate excuse nor any explanation for the delay in protecting their interests. They say that in any case the equities entitled them to relief. But if there is to be finality in controversies the court can consider the equities only in respect of litigants who bring themselves to the court’s attention in due course and in a way which permits them to be heard. It is settled law that an objection to the course of conduct of a fiduciary if sustained will assure to that objectant protection only to such degree as his ratable interest in the estate warrants. It is settled law that a beneficiary who protects his individual position is not acting for all in like position with him nor acting for those detrimentally affected by the conduct of which he has complained (Matter of De Vany, 205 N. Y. 591, 98 N. E. 1101; Matter of Garvin’s Will, 256 N. Y. 518, 177 N. E. 24; Matter of Ellensohn, 258 App. Div. 891, 16 N. Y. S. 2d 247; Matter of Stumpp’s Estate, 153 Misc. 92, 274 N. Y. S. 466). It would be a reversal of the law so settled if this court should say that a group of quiescent and inactive beneficiaries could await the outcome of a successful attack on a fiduciary by other parties in interest and could then come in and take the fruits of the victory without any of the risks or any of the pains of securing it. There is on this set of papers no reason why the court should not hold the parties to what appears to have been a deliberate and knowing default on their part.”
Clearly, this is a very troublesome area and in spite of the settled law of the State of New York is not too clear in the minds of most practitioners. In that situation where the objectant is successful the problem of allocation of the trustees’ expenses and additional legal fees is obviated. The successful objectant only receives his proportionate share of the *337 surcharge. The acquiescing beneficiaries receive nothing. In effect, the surcharge is limited to the share that the objectant could recover and the attorneys’ fees, costs and allowances would all be paid by the trustees, with the excess of the surcharge being credited to the trustees. Where, as here, the consenting beneficiaries, mindful of their rights, have nothing to gain in a surcharge proceeding, it is indeed a difficult choice to consider allocation of fees to the trust estate, thereby penalizing beneficiaries who had expressed satisfaction with the share to which they were otherwise entitled before the filing of objections.
Under the circumstances this court is of the opinion that parties having nothing to gain by the action of another, regardless of the possible merits of such action, should not stand to suffer a loss by reason of such action.
It is therefore the decision of this court that the additional legal fees incurred by the trustees in this proceeding be charged to the share of Charles E. Penney.